## WARD v. STANDARD ACC. INS. CO. OF DETROIT, MICH.

Circuit Court of Appeals, Third Circuit.
Jan. 4, 1929.

Rehearing Denied February 13, 1929.

No. 3826.

Gunnison, Fish, Gifford & Chapin, of Erie, Pa. (Merritt U. Hayden, of Detroit, Mich., of counsel), for appellant.

John B. Brooks, of Erie, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and McVICAR, District Judge.

McVICAR, District Judge. The policy of the Standard Accident Insurance Company, appellant, insured Hannah Gertrude Ward, appellee, against loss resulting from bodily injuries effected directly, exclusively, and independently of all other causes by the happening of a purely accidental event. Appellee fell in a bathtub injuring her spine and causing a detachment of the retina in her right eye, and the irrecoverable and entire loss of the sight thereof. In an action on the policy, the jury rendered a verdict for appellee upon which judgment was entered. From that judgment this appeal was taken.

Appellant contends that its request for binding instructions should have been sustained for three reasons. These reasons, being the questions involved, will be considered in the order argued. The first is that by reason of misrepresentations by appellee in her application for the policy sued on, the policy was void from its date. The application contained this provision: "I hereby apply for a policy to be based upon the following statements of facts. I understand and agree that the falsity of any statement in this application shall bar the right to recovery if such false statement is made with the intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company." The alleged misrepresentations were

the answers to two questions. The first question and answer is: "Is your sight or hearing impaired? No—ordinary use of glasses." The testimony on this point is substantially as follows: Appellee testified that she had nearsightedness at the time she made the application and before that time. Dr. Dennis, an eye specialist, called on her behalf testified that appellee had always had an eye that was peculiarly susceptible to a detachment of the retina upon the slightest injury or strain; that she was nearsighted; and that she had evidence of former iritis. Dr. Honloose stated in the proofs of loss that she admitted to him that she had trouble in her eyes when a child. The answer of the appellee implies that her sight was not normal; that her vision was impaired so that she had to use glasses; and that she had to make use thereof to the extent of the person who makes ordinary use of glasses. That she was nearsighted, that the retina in her right eye was subject to easy detachment, that she formerly had iritis, and that she had trouble with her eyes when a child, indicate an impairment of the vision; but the court could not say, as a matter of law, that her answer was false, or that it was made with the intention to deceive, or that it materially affected the acceptance of the risk or the hazard assumed.

The second question and answer is: "State what medical or surgical attention you have received within the past five years. None." There was testimony that she had consulted Dr. Dennis, an eye specialist, to have her glasses looked over, to see if they were correct, and that she had had her lenses checked up every two or three years. Considering the ordinary understanding of the meaning of "medical or surgical attention," or the understanding which could be fairly attributed to a nurse, it cannot be said that this statement, made by her, was false. The cases cited by appellant, which relate to misrepresentations, such as the applicant having not made a former application for insurance, or was not formerly operated upon, do not apply to the facts in this case. The principle applicable to this case is governed by such cases as: Livingood v. New York Life Insurance Co., 287 Pa. 129, 134 A. 475, wherein it is stated: "But where the misstatement has been set forth inadvertently, or the narrative is incomplete in detail, and was made without intention of concealing the truth, a recovery is permissible, the question of good faith being for the jury."

New York Life Insurance Co. v. Cumins, 24 F.(2d) page 2, wherein this court, in a per curiam opinion, sustained the decision of Judge Schoonmaker of the District Court, who, in his opinion, said: "In order to strike down a policy for misrepresentation by the insured, it must be of such substantial importance that the insurance company, but for this misrepresentation, would not have written the contract of insurance. Miller v. Maryland Casualty Co., 193 F. 343 (C. C. A. 3d Cir.); New York Life Insurance Co. v. Moats (C. C. A.) 207 F. 481. When it is doubtful whether the misrepresentation was material or not, the question of materiality must be submitted to the jury. Miller v. Maryland Casualty Co., supra."

And McBride v. Sun Life Insurance Co., 90 Pa. Super. Ct. 35, 41, wherein it is said: "We are likewise of opinion that in the circumstances here detailed, it was for the jury, not the court, to decide whether the treatments which the insured received from the department surgeon and throat specialist amounted to being 'attended by a physician,' as ordinarily understood."

■ The second reason contended for by appellant for affirmance of its request for binding instructions is that "any claim which appellee might otherwise have asserted, became forfeited by reason of her failure to comply with the provision of the policy requiring the furnishing to appellant, of affirmative proofs of loss for the indemnity now claimed by her and because the evidence wholly fails to establish any waiver, by appellant, of such proofs." The policy provides: "Affirmative proof of loss must be furnished to the Company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the Company is liable, and in case of claim for any other loss, within ninety days after the date of such loss."

There was proof, within the three months' period, of notice by the appellee to the appellant of her fall in the bathtub, and the injury to her spine. There was also the report of Dr. Dennis, designated "Advisory Surgeon's Report," as to the condition of the right eye of appellee, wherein he stated the condition which he found, and that "total disability is present and dates from and will probably last." There was also furnished the report of Dr. Honloose, designated as "Attending Surgeon's Statement," wherein he reports in much detail the history of the eye and the condition in which he found it at the time of the examination. Under this evidence the question of the proof of loss was for the jury.

■ The third reason advanced by appellant for the affirmance of its request for binding instructions is that appellee failed to offer any evidence as required by the policy of "loss resulting from bodily injuries effected directly, exclusively and independently of all other causes by the happening of a purely accidental event." Appellee testified of the fall which occurred in the bathtub, the injury to her spine, the detachment of the retina of her right eye, the immediate loss of sight thereafter, followed with a total loss on April 10th or 12th (being three or four weeks after the accident), and that the loss of her sight was caused by the injury received from the fall in the bathtub. There was also the testimony of two doctors that an injury such as she received, from the fall in the bathtub, would cause such an injury to the eye. While the evidence was meager, it was for the jury.

The judgment is affirmed.