**EMPLOYERS' LIABILITY ASSUR. CORPORATION, LIMITED, OF LONDON, ENGLAND, v. DEAN. ***

**No. 5825.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 21, 1930.

Chauncey Middlebrooks, of Atlanta, Ga. (Bryan, Middlebrooks & Carter, of Atlanta, Ga., on the brief), for appellant.

John M. Slaton and I. S. Hopkins, both of Atlanta, Ga. (Slaton & Hopkins, of Atlanta, Ga., on the brief), for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought suit as beneficiary to recover $30,000 on a policy for the accidental death of her husband, Herbert H. Dean, and was awarded judgment. There are fourteen assignments of error running to the refusal of a directed verdict, to objections to parts of the general charge, and to the refusal of certain special instructions. However, but two questions are presented.

The policy provided for payment of the principal sum of $30,000 for death caused solely and independently of all other causes through accidental means. Dean was about sixty-seven years of age and a lawyer in active practice. On September 30, 1927, he ate some chicken at his own home and in doing so swallowed a piece of bone. He suffered distress from this and the next day

*Rehearing denied December 19, 1930.

was taken to a hospital, where an examination by scientific means disclosed that the bone had lodged in the cardiac portion of the esophagus. An operation was performed and Dean died the day after. So far there is no dispute as to the facts. There was evidence tending to show that the esophagus was punctured by the bone and that his death was attributable solely thereto. There was also evidence to the effect that previously Dean had had one or two coughing spells after eating and had been forced to leave the table, but this was attributed to either the toughness of the meat he was consuming or a sudden attack of indigestion.

The court charged in substance that in order to recover the plaintiff was required to prove by a preponderance of the evidence that Dean's death was caused by bodily injury, due to an accident solely and independently of all other means; that if his death was caused by the accident of swallowing a bone and the natural consequences thereto, she could recover, but that if there was something in the nature of bodily disease that Dean had before the accident which contributed to his death she could not recover.

██ Some of the special requests for instructions asked the court to charge that there could be no recovery unless the death of the insured was caused by bodily injuries sustained solely and independently of all other causes through accidental means. Much metaphysical argument has been indulged in for the purpose of demonstrating the difference between the meaning of death by accident and death by accidental means. An extended discussion of this contention would be useless, as it is elementary that a requested instruction must be refused if there are no facts in the case to justify it, although it may correctly state the law. By no stretch of the imagination could the jury have found from the facts before them that Dean intended to swallow the bone, much less that he intended it to lodge in his esophagus, both of which intentions it would have been necessary to show in order to support the theory of appellant. The charge given sufficiently and clearly stated the law. U. S. Mutual Accident Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60.

██ The policy contained a clause providing that the insurer should have the right and opportunity to make an autopsy in case of death where it is not forbidden by law. Dean died on October 2, 1927. At that time appellee did not know about the policy, but later discovered it among her husband's papers, and on October 11, 1927, which was after the body had been buried, notified appellant. On October 21, 1929, appellant wrote to Mrs. Dean and requested that she agree to an autopsy and inclosed certain documents to be executed evidencing her consent. The letter also advised her that the autopsy would require several days. After that there was some exchange of correspondence between appellee's attorneys and the company. Nothing further was done by appellant to procure the autopsy and appellee neither consented to nor refused to permit it. There was undisputed evidence that the autopsy would not require more than an hour or two. Further, there was evidence tending to show that all that the autopsy could have disclosed would have been that the esophagus had been punctured. There was some evidence to the contrary as to what the autopsy might have disclosed, but it was negligible.

In charging the jury, the District Judge in effect took away this question from them, saying in substance that as the company applied for permission to make the autopsy, as soon as it knew what the status of the case was, although several days after Dean had been buried, there was no unreasonable delay and that they had the right to the autopsy if it was reasonable and necessary, but that as appellee merely remained silent and did not refuse consent and did nothing to prevent appellant from exercising its rights, there was no breach of this condition of the policy.

It may be conceded that if an autopsy was reasonably necessary and the beneficiary refused a reasonable and timely request, there could be no recovery. Standard Acc. Ins. Co. v. Rossi (C. C. A.) 35 F.(2d) 667. However, in this case the request for an autopsy was unreasonable. The idea of an autopsy was no doubt abhorrent to Mrs. Dean, and the fact that the company advised her that several days would be required to perform it, involving disinterment and custody of the body for that period, when an hour or two would have been sufficient, justified a refusal or a failure to assent. She was under no obligation to initiate the proceedings for the autopsy. By merely remaining silent, she left it to appellant to pursue any course necessary to secure its rights. It is not shown that appellant could not have procured the autopsy by proper proceedings despite appellee's silence. It was not error for the court to withdraw this question from the jury on the facts shown. See Massachusetts

Bonding & Ins. Co. v. Duncan, 166 Ky. 515, 179 S. W. 472.

As counsel for appellee stated at the hearing that, in the event of an affirmance on the appeal, the cross-appeal would be abandoned, it is unnecessary to pass upon it.

The record presents no reversible error. Affirmed.