## KORFF v. TRAVELERS INS. CO. OF HARTFORD, CONN.
### No. 5657.

Circuit Court of Appeals, Seventh Circuit.
April 17, 1936.

William R. Higgins, of Indianapolis, Ind., and Edwin C. Henning, of Evansville, Ind., for appellant.

Burke G. Slaymaker and Daniel H. Ortmeyer, of Evansville, Ind., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This case presents the problem of the liability of an insurer under a policy insuring against accidental death, where death results from the concurrence of an accident and a diseased condition, neither of which would have been sufficient to cause death but for the concurrence of the other. The court ruled on the question as a matter of law, directing a verdict in favor of the insurer, on the admission that "* * * the plaintiff does not contend that the accident, the fall alone, under the evidence in the case would have caused the death, if it had not been for the diseased condition of the body."

The policy in question, under which the decedent was insured, was a straight life policy with the following provision for additional indemnity in case of accidental death:

"* * * if death * * * shall result from bodily injuries effected directly and independently of all other causes through external, violent and accidental means within ninety days from the date of the accident which shall cause such injuries, and of which, except in case of drowning or internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, provided such death does not result * * * directly or indirectly from disease in any form, the Company will pay $5000 in addition to the amount of insurance payable in the event of the death of the Insured under the aforesaid contract."

The statement filed by the claimant with her proof of death showed the following facts as surrounding the death:

"* * * On the morning of March 20, 1934, Walter B. Korff and William Bootz set out for Louisville, Kentucky, via French Lick, in the Ford Coupe of Walter B. Korff. As they neared French Lick the gas gauge on the car registered about two gallons which was amply sufficient to take them many miles, but when at the top of a hill and down another the gasoline supply became exhausted. Walter B. Korff and Mr. Bootz got out of the car, pushed it around to head back to a filling station. They pushed it up the hill, and both jumped in it to coast it back to the filling station which was at the foot of the hill. As Walter B. Korff attempted to jump in the car he caught in the door and slipped, however managing to hang on and get into the car. When the gas station was reached and

as the gas tank was being filled Walter B. Korff got upon the left running board of the car, leaned over the steering wheel and began to rock the car to determine what was wrong with the gas gauge. While doing this he slipped, falling violently to the concrete with such force that the fall could be heard sixty feet away. A contusion and bruise were manifest on the back of the head. An autopsy was held which showed a sclerosed area of about 3/5 of an inch of deceased's anterior branch of the left coronary artery which probably had been forming over a period of years, naturally reducing the lumen of the artery, however, not to the extent of curtailing his activities in performing his customary duties. The violent exertion in pushing the car, slipping and hanging on to it as it coasted, rocking the car, slipping in the act, falling and striking his head violently against the concrete, caused an increased blood supply to the heart but (because of) the partial occlusion of the artery above described this increased blood supply was prevented from entering the heart muscles, the entire heart muscles went into a state of contraction and death followed. * * *"

Under these facts the court directed a verdict in favor of the insurer, holding that it was a case where general law applied rather than local law, and that the rule of general law excluded liability in such a case.

Appellant seeks to bring this case within the ruling laid down in Continental Casualty Co. v. Lloyd, 165 Ind. 52, 73 N.E. 824, 826. There decedent was insured under a policy which limited liability to "bodily injuries effected through external, violent, and purely accidental causes—such injuries as shall, solely and independently of all other causes, necessarily result in death within ninety days." Decedent suffered a very heavy fall, followed by death nineteen days later, said to have been caused by the fall. An autopsy disclosed the presence of a brain tumor, and there was testimony that but for the tumor the death would not have followed the fall. The court, however, held that the jury was justified in finding that the fall was the proximate cause of death, because it incited the fatal energy of the tumor which was at least dormant, and would have remained so for an indefinite period, and perhaps until death from some other cause supervened. While it appears in that case that the jury had some evidence before it to indicate that the fall was the *sole* cause of death, the decision does not rest on that, but holds that the policy limitation goes only to the *proximate* cause, so that if the diseased condition would not have caused death of itself, it is to be considered a remote cause, hence outside the limitation imposed by the policy.

Appellant argues that because the policy involved was an Indiana one, the trial court was bound by the ruling laid down in the Indiana case, hence had no right to direct a verdict in favor of the insurer, relying on the recent decision in the case of Mutual Life Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398. Appellee replies as to this (1) that there is nothing in the record to indicate that the policy here involved is an Indiana one, and (2) that this case is to be distinguished from the Johnson Case in that there is here a definite federal rule as to the issue, whereas in the Johnson Case the only two Court of Appeals cases cited as to the point there in issue were in conflict. Under those facts, the Supreme Court held that it was under no duty to make a choice between the alternative constructions, and without suggesting an independent preference it yielded to the judges of Virginia expounding a Virginia policy and adjudging its effect. Appellee points out the fact that the Court did not say that it was *bound* to follow the law as laid down by the state court, but only that it *chose* to in the circumstances of that case, and argues that where, as here, there is a definite rule as to the issue which has been practically uniformly adopted by federal courts, it is the duty of the federal court to follow the federal rule. We agree with appellee as to both propositions.

A perusal of the record corroborates the fact that there is nothing to indicate that the policy was an Indiana one. Even if it were, however, we should be constrained to disregard the construction here urged in view of the language of the policy limiting the liability of the insurer to cases where death "does not result directly or indirectly from disease in any form," and the holdings of federal courts of appeals in numerous cases involving facts fairly analogous.[1]

[1] Illinois Commercial Men's Ass'n v. Parks, 179 F. 794 (C.C.A. 7); Commercial Travelers' Mutual Ass'n v. Fulton, 79 F. 423 (C.C.A. 2); Order of United Commercial Travelers v. Nicholson, 9 F.(2d) 7 (C.C.A. 2); Ætna Life Ins. Co. v. Ryan, 255 F. 483 (C.C.A. 2); Nat. Masonic Ass'n v. Shryock, 73 F. 774 (C.C.A. 8); Kerns v. Ætna Life Ins. Co., 291 F. 289 (C.C.A. 8); Standard Acc. Ins. Co. v.

We think the rule to be applied to the facts here presented is fairly stated in Cooley's Briefs on Insurance (2d Ed.) vol. 6, p. 5352: "If the disease aggravated the effect of the accident, and but for the existence of the disease the accident would not have been fatal, or if the accident aggravated the disease, the exception will relieve the insurer from liability." Here it was established by evidence, by admission of counsel for appellant, and by the claimant's own statement supporting her proof of death, that the fall and the diseased condition operated concurrently to bring about the death. Hence there was no question of fact for the jury to decide, and a directed verdict necessarily followed, under the rule stated above and quite generally followed by federal courts.

We have examined a number of federal cases permitting recovery under accident policies, and find that all are to be distinguished either as to their facts or as to the terms of the policies involved in them.[2]

Judgment affirmed.

Rossi, 35 F.(2d) 667 (C.C.A. 8); Carpenter v. Connecticut General Life Ins. Co., 68 F.(2d) 69 (C.C.A. 10); Ryan v. Continental Casualty Co., 47 F.(2d) 472 (C. C.A. 5). See annotations in 34 L.R.A.(N. C.) 445, and 52 L.R.A.(N.S.) 1203 for other cases as to this point.

[2] U. S. Mutual Accident Ass'n v. Barry, 131 U.S. 100, 9 S.Ct. 755, 33 L.Ed. 60; U. S. Fidelity & Guaranty Co. v. Blum, 270 F. 946 (C.C.A. 9); Mutual Life Ins. Co. v. Dodge, 11 F.(2d) 486, 59 A.L.R. 1290 (C.C.A. 4); New Amsterdam Casualty Co. v. Shields, 155 F. 54 (C.C.A. 6); Employers' Liability Assur. Corp. v. Dean, 44 F.(2d) 524 (C.C.A. 5); Jefferson Standard Life Ins. Co. v. Lightsey, 49 F. (2d) 586 (C.C.A. 4); Ward v. Standard Acc. Ins. Co., 30 F.(2d) 328, 63 A.L.R. 842 (C.C.A. 3); Ætna Life Ins. Co. v. Allen, 32 F.(2d) 490 (C.C.A. 1); London Guarantee & Accident Co. v. Leefson, 37 F.(2d) 488 (C.C.A. 3); Manufacturers' Accident Indemnity Co. v. Dorgan, 58 F. 945, 22 L.R.A. 620 (C.C.A. 6); Fairclough v. Fidelity & Casualty Co., 54 App. D.C. 286, 297 F. 681.