HALL v. TELEGRAPH CO.

(Filed October 24, 1905).

*Telegraphs—Pleadings—Defective Demurrer—Tender of Judgment—Contracts.*

1. A complaint alleged that the defendant negligently failed to deliver the following message sent by plaintiff from Newport News, Va., to Fayetteville, N. C.: "How is mother today? Let me know at once and I will come at once," and that by reason thereof the plaintiff suffered mental anguish, knowing that his mother was sick and that he was forced to go to Fayetteville, at great expense; and that when he reached there he found his mother better, *held*, that a demurrer for that no mental anguish was recoverable was properly overruled, as the cost of the trip is an element of damage, and the allegation as to mental anguish is not stated as a separate cause of action, but as a further element of damage.

2. There is no law or practice which will permit a tender of judgment of one dollar as nominal damages as an aid to a defective demurrer.

3. The complaint averring that the contract was made in Virginia, the rights of the parties will be determined by the laws of Virginia, so far as the same apply.

ACTION by M. H. Hall against Western Union Telegraph Co., heard by *Judge G. S. Ferguson* on demurrer, at May Term, 1905, of the Superior Court of CUMBERLAND County. From a judgment overruling the demurrer, the defendant appealed.

*Rose & Rose* for the plaintiff.
*Busbee & Busbee* and *R. C. Strong* for the defendant.

HOKE, J.   After some formal allegations, the plaintiff complains and alleges as follows: "That on 7th October, 1902, the plaintiff delivered to the agent of the defendant, at its

office in Newport News, Virginia, the following message: John Hall, care Mr. Herbert Lutterloh, Fayetteville, N. C. How is mother today? Let me know at once and I will come at once. Miles Hall," and that the plaintiff duly paid the defendant the amount charged for the transmission and delivery of the message to the sendee, named therein, and the defendant collected the charges therefor.

That the message was received by the defendant at its office in Fayetteville, N. C., but on account of the carelessness, negligence and gross indifference on the part of the defendant, the message was never delivered to either the sendee or Herbert Lutterloh.

That the sendee, and especially Herbert Lutterloh, is well known to the defendant's agent in Fayetteville, N. C., and the message could have been delivered to either of them soon after its receipt.

That the defendant, having by its carelessness and negligence, failed to deliver the message to the sendee named therein, negligently and carelessly failed to notify the plaintiff of the non-delivery of the same, so that he might be able to give a better address, or to pay any additional charges for its delivery, if any such should be necessary.

8. That by reason of the aforesaid carelessness, negligence and gross indifference on the part of the defendant, the plaintiff suffered great mental anguish by not hearing as to his mother's condition, and, knowing that she was sick and not being able to hear from her by reason of the defendant's gross negligence, he was forced to come to Fayetteville, N. C., to his great expense and loss of time from his work, to-wit, in the sum of $1500; that upon his arrival at Fayetteville, N. C., he found that his mother's condition was much better, and, had the message been delivered, his mental suffering would have been relieved, and he would not have been forced to leave his work and put to the expense of coming to Fayetteville; that the plaintiff has made demand upon defendant

for damages he has suffered, but defendant refuses and still neglects and refuses to pay him therefor;

9. That at the time of the aforesaid negligent conduct of the defendant, the following was the statute law of the State of Virginia relative to such matters as he is informed and believes:

"An act in relation to special damages recoverable of a telegraph company, approved March 2, 1900.

1. Be it enacted by the General Assembly of Virginia that all telegraph companies shall be liable for special damages occasioned by the negligent failure of their operators or servants in receiving, copying, transmitting or delivering dispatches, or of the disclosure of the contents of any private dispatch to any person other than him to whom it was addressed, or his agent, the amount of these damages to be determined by the jury upon the facts in each case. Grief and mental anguish occasioned to the plaintiff by the aforesaid negligent failure may be considered by the jury in the determination of the quantum of damages. Special damages recoverable under this act shall not be barred by regulations of the company concerning the repeating of messages, or by any special undertaking to relieve the company from the consequence of its own negligence. 2. That it shall be in force from its passage."

Wherefore the plaintiff demands judgment against the defendant for the sum of $1,500, the costs of this action, and such other and further relief as he may be entitled to in the premises.

The defendant demurs and for cause shows: "The defendant demurs to the amended complaint for that it does not in whole or in part, or in any part thereof, state facts sufficient to constitute a cause of action. 1. No damages for mental anguish can be recovered under the allegations of paragraph 8 of the complaint, the same being purely speculative, and furthermore, contrary to the language of the written message

forming the basis of this action, and not in contemplation of the parties to the contract of the transmission and delivery thereof. 2. No damages for mental anguish can be recovered under the allegations of paragraph 9 thereof, which sets forth that upon the arrival of the plaintiff at Fayetteville, he found that his mother's condition was much better, and had the message been delivered, his mental suffering would have been relieved, and he would not have been forced to leave his work and put to the expense of going to Fayetteville. But if the court should be of opinion, based upon the allegations in the complaint, that the plaintiff should recover nominal damages, the defendant hereby tenders to the plaintiff the sum of one dollar as such damages, and the costs of the action to the time of the trial hereof, upon this demurrer. Therefore the defendant prays that it go hence without day."

An agreement entered into by counsel is made a part of the record in the cause as follows: "Fayetteville, N. C., May 10, 1905. It is agreed that the copy of the Acts of the Assembly (Virginia, 1899-1900,) in the hands of Rose & Rose, attorneys, be accepted as the statute of Virginia in the case of *Miles Hall v. Western Union Telegraph Co.,* and that the case of *Connelly v. Western Union Telegraph Co.,* 100 Va., 40 S. E. Rep., p. 618, be accepted as the law of the State of Virginia, upon all points therein, in the same case."

This agreement, while somewhat unusual in aid of a demurrer, can, we think, be given effect by considering the same as if it had been written into the complaint, and such was no doubt the design and intent of the parties. Giving the agreement such placing, however, we are of the opinion that the judgment overruling the demurrer should be affirmed.

Here is a plain and concise statement of a cause of action for breach of contract, in the negligent failure of the defendant company to deliver a telegram. It would seem that the character and urgency of the message were such as to notify the defendant that unless a satisfactory answer was received

in regular course of transmission, the plaintiff would go to
Fayetteville, which in fact he did, according to the allega-
tions of the complaint. If this be the correct and reasonable
interpretation of the message, the cost of the trip to Fayette-
ville would be an element of damage. There is an additional
allegation addressed to the question of mental anguish. This
is not stated as a separate cause of action at all, but only as
a further element of damage. Its consideration may or may
not arise on the further hearing, and in any event the de-
murrer which seeks to eliminate this feature of the plaintiff's
demand at the present stage of his case, is irregular and de-
fective. Giving such defect its technical term, we should
say the demurrer is too broad. It goes to the entire complaint
and this, as we have seen, contains a good cause of action well
pleaded, and if the facts can be proved as alleged, the plain-
tiff can recover some damage.

The defendant seems to have been sensible of this difficulty,
as he tenders a judgment of one dollar as nominal damage,
but we are aware of no law or practice which will permit a
tender as an aid to a defective demurrer. Code, section 575,
*et seq.,* provides that such a tender may accompany an an-
swer, and this alone is its proper placing so far as a pleading
is concerned, or in reply to a counterclaim.

The complaint averring that the contract was made in
Virginia, the rights of the parties to this controversy will
be determined by the laws of Virginia, so far as the same ap-
ply. *Bryan's case,* 133 N. C., 607; *Hancock's case,* 137
N. C., 497.

Both a statute of the State of Virginia and a decision of
the Supreme Court construing the same are set forth in the
complaint and admitted—the one by the demurrer, and the
other by the agreement.

But we do not think it desirable or proper that we should
discuss or decide the rights of the parties under the law until
the facts are before us, after proceedings had in accordance

with the course and practice of the court.　Judgment overruling demurrer is affirmed.

　No Error.


CONNOR, J., concurs in result.

BROWN, J., did not sit on the hearing of this case.