W. E. THOMPSON v. SOUTHERN EXPRESS COMPANY.

(Filed 16 April, 1907).

1. **Pleadings—Demurrer—Cause of Action—Damages Incident.**—It is
   not error in the Court below to overrule a demurrer to a com-
   plaint demanding damages for mental suffering caused plaintiff
   by defendant's alleged negligence, not as a separate cause of
   action, but as incident to a cause of action for failure on defend-
   ant's part to deliver certain whiskey which defendant, upon de-
   mand, wrongfully refused to deliver, and which was alleged to
   be for the purpose of relieving from pain and suffering plaintiff's
   dying mother.

2. **Same—Jurisdiction—Pleadings.**—When from the allegations of a
   complaint, to which a demurrer had been interposed, it appears
   that the action may be sustained as a demand in tort in the Supe-
   rior Court in a sum sufficient to give jurisdiction, and it is con-
   tended by the defendant that the action is for a breach of con-
   tract, involving a breach of public duty, and that therein it ap-
   peared that the only sum recoverable would be but a few dollars
   and could only originate in the court of a justice of the peace, it
   is the amount demanded in good faith and on facts alleged in the
   complaint as a whole which reasonably tend to support it, that
   fixes the jurisdiction of the court; and such cannot be restricted
   by defendant to his own point of view by irregular and defective
   pleading.

CIVIL ACTION, tried on demurrer by defendant, before
*Moore, J.,* and a jury, at October Term, 1906, Superior
Court of ORANGE County.

The complaint alleged, in substance, that plaintiff having
bought and paid for two dollars' worth of whiskey at Wil-
mington, N. C., where it was lawful to make and sell whiskey,
defendant company agreed to transmit and deliver said whis-
key to plaintiff at Mebane, N. C.

That on or about 1 June, 1906, the whiskey having
arrived at Mebane in good order and properly addressed to
plaintiff, plaintiff applied to agent of defendant company
for same, offering to pay the express charges; and defendant

refused, and still refuses, to deliver the package, as it had contracted and undertaken to do.

That the whiskey had been ordered, pursuant to medical prescription, for plaintiff's mother, who was desperately ill with a fatal malady, and was desired and necessary to relieve her suffering and prolong her life. .

That the agent of defendant company was fully informed of the conditions and of the purpose for which the whiskey was to be used, and, notwithstanding this knowledge, said agent unlawfully and wilfully refused to deliver said whiskey to plaintiff, or any part thereof.

That by reason of this misconduct and breach of duty on part of defendant company the plaintiff's mother was compelled to endure great increased and unnecessary suffering for a week or more; and that "meantime, while attending at the bedside of his dying mother, he witnessed her agonizing pains which he could not relieve on account of the wanton default of defendant, whereby he was damaged to the amount of $1,999"; and prays judgment for said amount and costs of action.

To this complaint defendant demurs, as follows:

"The defendant, the Southern Express Company, comes into Court and demurs to the complaint of the plaintiff in that it does not state facts sufficient to constitute a cause of action:

"1. That the plaintiff is not entitled to recover as alleged in the complaint for mental anguish in an action of this character when there is no bodily harm done to him.

"2. That the damages sought to be recovered, as alleged in the complaint to have been suffered by the plaintiff, are too remote.

"3. That there is no allegation that physical injury or bodily injury was done to the plaintiff, and he cannot re-

cover for mental distress or anxiety caused by sympathy for his mother's suffering."

There was judgment overruling the demurrer and allowing defendant to answer, and defendant excepted and appealed.

*John W. Graham* and *Frank Nash* for plaintiff.
*John A. Barringer* for defendant.

HOKE, J.   Without comment on the merits or legal bearings of this controversy as they shall appear when the facts are established, we are of opinion that the demurrer of defendant was properly overruled.

The mental suffering for which plaintiff demands compensation is not set forth as a separate cause of action at all, but is stated and claimed as damages incident to a cause of action for a wrongful failure on the part of defendant company to deliver the whiskey.   This being true, it is not open to defendant by demurrer to eliminate the element of damage from plaintiff's demand; and such a demurrer, therefore, was properly overruled.

The case is controlled by the decision in *Hall v. Telegraph Co.,* 139 N. C., 369-373.   In that opinion, on facts very similar to those appearing in the present appeal, the Court said: "Here is a plain and concise statement of a cause of action for breach of contract, in the negligent failure of the defendant company to deliver a telegram.   It would seem that the character and urgency of the message were such as to notify the defendant that unless a satisfactory answer was received in regular course of transmission the plaintiff would go to Fayetteville, which in fact he did, according to the allegations of the complaint.   If this be the correct and reasonable interpretation of the message, the cost of the trip to Fayetteville would be an element of damage.   There is an

additional allegation, addressed to the question of mental anguish. This is not stated as a separate cause of action at all, but only as a further element of damage. Its consideration may or may not arise on the further hearing, and in any event the demurrer which seeks to eliminate this feature of the plaintiff's demand at the present stage of his case is irregular and defective. Giving such defect its technical term, we should say the demurrer is too broad. It goes to the entire complaint, and this, as we have seen, contains a good cause of action well pleaded, and, if the facts can be proved as alleged, the plaintiff can recover some damage." See, also, *State v. Young,* 65 N. C., 579; *Cowand v. Meyers,* 99 N. C., 198.

It is urged on the part of defendant that if this demand for mental suffering is eliminated the facts would only tend to support an action for breach of contract, in which the damages could not be more than two dollars, the alleged value of the whiskey, and perhaps some interest; and that such a demand could only originate in the court of a justice of the peace. But this position cannot be maintained.

In the first place, the facts would seem to permit that the action be sustained as a demand in tort if plaintiff should so elect. But even if he should proceed as for breach of contract involving a breach of a public duty, the defendant is not permitted, by this irregular and defective pleading to restrict the complaint to his own point of view. Plaintiff is entitled to have his complaint considered as a whole; and considering it as a whole, it is the amount demanded, if made in good faith and on facts which reasonably tend to support it, that fixes the jurisdiction of the Court. *Boyd v. Roanoke Lumber Co.,* 132 N. C., 185; *Sloan v. Railroad,* 126 N. C., 487.

This is certainly the general rule, and as now advised we

see no reason to except this case from the rule which generally obtains.

There is no error, and the judgment overruling the demurrer is

Affirmed.