ANDERSON CHAMBERLAIN v. HOME SECURITY LIFE INSURANCE
COMPANY.

(Filed 20 June, 1934.)

1. **Appeal and Error J g—Consideration of issue based on cause of action abandoned during trial held not necessary to decision of appeal.**

   Where plaintiff alleges two causes of action, but apparently abandons the second and fails to tender an issue as to damages thereon and the court fails to submit such issue to the jury, the answer of the jury to a prior issue based exclusively on matters pertaining to the cause of action abandoned need not be considered in deciding the questions involved in the appeal.

2. **Courts A a—Sum demanded in good faith held to exceed two hundred dollars and Superior Court has jurisdiction.**

   ⋅　Plaintiff brought this action in the Superior Court, alleging that he had three policies of insurance issued by defendant insurer on different dates, that he tendered insurer's agent, while the policies were in force, the amount due on premiums in arrears, and that insurer refused to accept the sum tendered and canceled each of the policies because plaintiff refused to pay premiums in arrears due on a policy issued by the insurer to plaintiff's wife, and that such cancellation was wrongful, wilful, wanton and malicious. Plaintiff demanded damages in the sum of $168.20, the amount paid by him as premiums on the policies, together with $500.00 punitive damages. Plaintiff did not tender an issue as to punitive damages nor did the court submit such issue. Defendant insurer demurred to the complaint on the ground that the cause of action was within the exclusive jurisdiction of a justice of the peace. *Held,* the demurrer was properly overruled, the simultaneous cancellation of the three policies constituting a single cause of action, and the sums demanded as actual and punitive damages being different elements of damage accruing from the single cause of action, and it being impossible to determine as a matter of law that the demand for punitive damages was not made in good faith.

3. **Insurance H d—Measure of damages for wrongful cancellation of policy.**

   In an action to recover against insurer for its wrongful cancellation of a policy of insurance plaintiff may recover the sums paid by him

CHAMBERLAIN *v.* INSURANCE CO.

as premiums on the policy if he so elects, or in proper cases he may recover the value of the policy at the date of cancellation, or the sum presently required to obtain like protection for plaintiff.

#### 4. Appeal and Error J e—

Exceptions to the court's charge in this case are not sustained, it appearing that appellant was not prejudiced by the instructions given.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Stack, J.,* at February Term, 1934, of GASTON. No error.

This is an action to recover damages for the wrongful, wilful, wanton and malicious cancellation by the defendant of three policies of insurance on the life of the plaintiff issued to him by the defendant, and also to recover on one of said policies for a disability resulting from an injury to plaintiff's hand.

In his complaint, the plaintiff alleges that from the issuance of said policies to their cancellation, he paid to the defendant the sum of $168.20, as premiums on said policies; and that he is entitled to recover the said sum as his actual damages resulting from the cancellation of said policies by the defendant. He also alleges that in addition to his actual damages, he is entitled to recover of the defendant the sum of $500.00, as punitive damages, for the reason that the cancellation of said policies by the defendant was not only wrongful and unlawful, but also wilful, wanton and malicious.

He further alleges that while said policies were in force, he suffered a disability, resulting from an injury to his hand, and that by the terms of one of said policies, he is entitled to recover of the defendant on account of said disability the sum of $6.00.

In its answer, the defendant admits the issuance and cancellation of said policies of insurance, and the payment by the plaintiff as premiums on said policies, prior to their cancellation, of the sum of $168.20; it denies, however, that the cancellation of said policies was wrongful and unlawful, or wilful, wanton and malicious; it also denies that it is liable to plaintiff for the disability resulting from an injury to his hand, as alleged in the complaint. It prays judgment that the plaintiff recover nothing by his action, and that it recover its costs.

At the trial, the evidence for the plaintiff tended to show that the defendant issued to the plaintiff three policies of insurance on his life, one dated 14 April, 1924; one dated 18 February, 1924; and one dated 30 November, 1931; that the premiums on said policies were payable weekly, the total amount of said premiums being seventy cents per week; and that some time in March, 1933, the defendant, over the protest of the plaintiff and without his consent, canceled all of said

policies. At the date of such cancellation, the plaintiff paid to the agent of the defendant the sum of $1.75, which sum was sufficient to pay the premiums then in arrears, and to keep the said policies in force.

There was evidence tending to show that the defendant had issued to the wife of the plaintiff policies of insurance on her life, and that the premiums on said policies were in arrears in March, 1933; and that the agent of the defendant refused to accept from the plaintiff the sum required to pay the premiums then in arrears on the policies issued to him, unless plaintiff also paid the premiums then in arrears on the policies issued to his wife. The plaintiff testified that the agent of the defendant refused to apply the sum of $1.75, which he had paid to said agent, in payment of the premiums on his policies, but returned said sum to plaintiff, and canceled his policies, as well as the policies on the life of his wife. Because of his advanced age and physical infirmities, plaintiff has been unable to procure other policies on his life.

There was also evidence tending to show that while the policies issued to the plaintiff by the defendant were in force, plaintiff suffered an injury, which caused a disability which was covered by one of said policies; and that defendant wrongfully refused to furnish to the plaintiff blanks on which he was required by the terms of said policy to make proof of his loss. The amount which plaintiff was entitled to recover on account of such disability was $6.00.

There was also evidence tending to show that the total amount of the premiums paid by the plaintiff to the defendant on said policies, prior to their cancellation was $168.20.

At the close of the evidence for the plaintiff, the defendant demurred *ore tenus* to the complaint, on the ground that the Superior Court was without jurisdiction of the action, for that the amount involved was less than $200.00. The demurrer was overruled, and defendant excepted.

The evidence offered by the defendant tended to show that the cancellation of the policies on the life of the plaintiff was not wrongful or unlawful, but was in accord with the terms and provisions of said policies, and was at the request of the plaintiff, who had advised defendant that he was unable to pay the premiums in arrears at the date of said cancellation.

No issue involving punitive damages was tendered by the plaintiff or submitted by the court. The issues submitted to the jury were as follows:

"1. Did the defendant wrongfully refuse to give the plaintiff the form for proof of claim for injury to his hand, as alleged in the complaint? Answer: .........

2. Did the plaintiff on ........ March, 1933, pay or tender to defendant's agent the sum of $1.75, which would bring plaintiff's policies within the grace period of said policies? Answer: .........

3. Did the defendant wrongfully cancel or suspend the policies of the plaintiff as alleged in the complaint? Answer: . .......

4. Did the plaintiff pay the premiums on his policies as provided in said policies, for his benefit and protection, in the approximate sum of $168.00? Answer: .........

5. What amount, if any, is plaintiff entitled to recover of the defendant? Answer: ........."

In its charge to the jury, the court stated the contentions of both the plaintiff and defendant with respect to each of the first four issues and fully instructed the jury with respect to the law applicable to each of said issues. The court then instructed the jury with respect to the 5th issue, as follows:

"If you answer each of the first four issues, 'Yes,' in favor of the plaintiff, then the court instructs the jury to answer the 5th issue, '$168.20'; but if you answer the said issues 'No,' or any one of them 'No,' you will answer the 5th issue, 'Nothing.' The defendant excepted to this instruction.

After the court had concluded its charge, but before the jury had retired, counsel for defendant stated to the court, in the presence of the jury, that defendant contended that its agent did not refuse to allow plaintiff to pay premiums on one or any number of the policies, but that it refused to accept the sum of $1.75, as the full amount due as premiums on all the policies. The court then said to the jury:

"Yes, gentlemen, the defendant contends that, and offered evidence to support that contention. If you find with them, you will answer at least some of these issues in the negative." The defendant excepted to this instruction.

The jury answered each of the first issues, 'Yes," and the 5th issue, "$168.20."

From judgment that plaintiff recover of the defendant the sum of $168.20, together with the costs of the action, the defendant appealed to the Supreme Court.

*W. H. Sanders for plaintiff.*
*Bulwinkle & Dolley for defendant.*

CONNOR, J. Two causes of action are alleged in the complaint in this action. On the first cause of action, the plaintiff seeks to recover damages, both actual and punitive, for the wrongful, wilful, wanton and malicious cancellation of the policies of insurance on his life issued to him by the defendant. On the second cause of action, he seeks to recover the amount of his claim for a disability resulting from an injury to his hand, which was covered by one of said policies. The second

cause of action was apparently abandoned by the plaintiff at the trial. No issue was tendered by the plaintiff or submitted by the court, involving the amount, if any, which the plaintiff was entitled to recover of the defendant on his second cause of action. For that reason, the affirmative answer to the first issue need not be considered in deciding the questions involved in this appeal. In effect, the plaintiff suffered a nonsuit on his second cause of action.

The first cause of action alleged in the complaint is founded on contract. It is alleged in the complaint that the defendant breached its contracts with the plaintiff, as evidenced by the three policies of insurance which were issued to the plaintiff by the defendant, by its wrongful, wilful, wanton and malicious cancellation of said policies. The facts alleged in the complaint are sufficient to constitute a single cause of action. The three policies of insurance were canceled by the defendant simultaneously. But one cause of action is alleged in the complaint as arising out of the cancellation of the policies. For purposes of jurisdiction, the fact that three policies of insurance, all issued by defendant to plaintiff, but at different dates, and for different amounts, were canceled, is immaterial. *McGowan v. Ins. Co.,* 141 N. C., 367, 54 S. E., 287.

As his damages accruing on his first cause of action, the plaintiff demands judgment that he recover of the defendant (1) the sum of $168.20, this being the amount which he had paid to the defendant as premiums on his policies prior to their cancellation; and (2) the sum of $500.00, this being the amount which he alleges he is entitled to recover as punitive damages. These sums constitute different elements of the damages which accrued from a single cause of action. See *Thompson v. Express Co.,* 144 N. C., 389, 57 S. E., 18, and *Hall v. Telegraph Co.,* 139 N. C., 369, 52 S. E., 50.

In *Braswell v. Ins. Co.,* 75 N. C., 8, which was an action to recover damages for the wrongful cancellation of a policy of insurance on the life of the plaintiff, it was held that where plaintiff elected to demand as his damages the amount paid by him as premiums on his policy, prior to its wrongful cancellation, he could recover such amount as money had and received by the defendant for his use. The judgment for such amount was affirmed.

This principle, when invoked by the plaintiff in an action to recover damages for the wrongful cancellation of a policy of insurance, was approved in *Garland v. Ins. Co.,* 179 N. C., 67, 101 S. E., 616. In that case it was held, however, that in a proper case the plaintiff was entitled to recover the value of the policy at the time it was wrongfully canceled, or the amount which would enable him to procure another policy affording him the same protection as that which he had under the policy which was wrongfully canceled.

It cannot be held as a matter of law that on the facts alleged in the complaint in the instant case, the plaintiff was limited in his recovery for the cancellation of his policies to the amount paid by him as premiums on said policies, prior to their cancellation, and that his allegation that he was entitled to recover punitive damages was not in good faith.

It has been uniformly held by this Court that in actions on contract, the amount demanded in good faith in the complaint is determinative of the jurisdiction of the action. Where such amount exceeds $200.00, the Superior Court has original jurisdiction. *Martin v. Goode,* 111 N. C., 288, 16 S. E., 232. There was no error in the refusal of the court to sustain the demurrer *ore tenus* to the complaint, on the ground that the Superior Court was without jurisdiction of this action.

There was no error in the instruction of the court to the jury, both in the charge and after the conclusion of the charge, that if the jury should answer either of the first four issues in the affirmative, they should answer the 5th issue "$168.20"; but that if they should answer either of said issues in the negative, they should answer the 5th issue, "Nothing." It does not appear that the defendant was prejudiced by this instruction.

We find no error in the trial of the action. The judgment is affirmed.

No error.

Schenck, J., took no part in the consideration or decision of this case.