## MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *v.* JOHNSON, ADMINISTRATOR.

No. 154.   Argued November 15, 1934.—Decided December 3, 1934.

*Mr. James C. Martin,* with whom *Mr. Frederick L. Allen* was on the brief, for petitioner.

*Messrs. Burnett Miller* and *John S. Barbour* for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

On May 16, 1930, the petitioner, the Mutual Life Insurance Company of New York, issued in Virginia to Benjamin F. Cooksey, who resided in that state, a policy of life insurance in the amount of $4,500 with disability benefits. Upon the face of the policy, it is provided that if the insured is totally and permanently disabled before the age of sixty, the company will pay him " forty-five dollars monthly during such disability . . ., besides waiving premium payments, all upon conditions set forth in section 3." The conditions thus incorporated by reference are these: " If, before attaining the age of sixty years and while no premium on the policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, . . . the Company will grant the following benefits during the remaining lifetime of the Insured as long as such disability continues. Benefits (a) . . . The Company will pay a monthly income to the Insured of the amount stated on the first page hereof . . . beginning upon receipt of due proof of such disability . . . (b) Waiver of Premiums. The Company will also, after receipt of such due proof, waive payment of each premium as it thereafter becomes due during such

disability." There is also a provision that the policy will be reinstated within six months after a default if proof is given within that time that at the date of the default the insured was totally disabled and has continuously remained so.

A quarterly premium became payable under this policy upon November 16, 1931, subject, however, to a period of grace of thirty-one days, whereby the time for payment was extended until December 17. This premium was never paid by the insured, though all earlier premiums had been paid as they matured. On December 17, the date of the default, the insured, who was under sixty, was confined to his bed, a sufferer from chronic nephritis, which on January 20, 1932, resulted in his death. There is evidence by concession that as early as December 14, 1931, he was totally and permanently disabled, not only physically but mentally, to such an extent that he was unable to give notice to the insurer in advance of the default, and thus procure the waiver called for by the policy. The company takes the ground that because of the omission of that notice the default is unexcused and the policy has lapsed.

In this action by the administrator the District Court upheld the company's position, and directed a verdict for the defendant. The Court of Appeals for the Fourth Circuit reversed, and remanded the cause for trial. 70 F. (2d) 41. For the defendant it was argued that insanity is no more an excuse for the failure to give a notice that will cause the payment of the premiums to be waived than for the failure to make payment of the premiums when waiver is not a duty, either conditional or absolute. Cf. *Klein* v. *Insurance Co.,* 104 U. S. 88. For the plaintiff it was argued that waiver having been promised, though subject to a condition as to notice, there must be a liberal construction of a requirement that is

merely modal or procedural, and the insurer will not be deemed, in respect of matters of that order, to have exacted the impossible. The controversy is one as to which the courts of the country are arrayed in opposing camps. Supporting the petitioner's view are *New England Mutual Life Ins. Co.* v. *Reynolds,* 217 Ala. 307; 116 So. 151; *Iannarelli* v. *Kansas City Life Ins. Co.,* 114 W. Va. 88; 171 S. E. 748; *Smith* v. *Missouri State Life Ins. Co.,* 134 Kan. 426; 7 P. (2d) 65; *Berry* v. *Lamar Life Ins. Co.,* 165 Miss. 405; 142 So. 445; 145 So. 887; *Western & Southern Life Ins. Co.* v. *Smith,* 41 Ohio App. 197; 180 N. E. 749; *Reynolds* v. *Travelers' Ins. Co.,* 176 Wash. 36; 28 P. (2d) 310; *Dean* v. *Northwestern Mutual Life Ins. Co.,* 175 Ga. 321; 165 S. E. 235; *Hall* v. *Acacia Mutual Life Assn.,* 164 Tenn. 93; 46 S. W. (2d) 56; *Egan* v. *New York Life Ins. Co.,* 67 F. (2d) 899. Cf. *Courson* v. *New York Life Ins. Co.,* 295 Pa. 518; 145 Atl. 530; *Whiteside* v. *North American Accident Ins. Co.,* 200 N. Y. 320; 93 N. E. 948. *Bergholm* v. *Peoria Life Ins. Co.,* 284 U. S. 489, is not apposite, there being no evidence in that case of incapacity, physical or mental, to give the prescribed notice. Supporting the respondent's view are *Swann* v. *Atlantic Life Ins. Co.,* 156 Va. 852; 159 S. E. 192; *Rhyne* v. *Jefferson Standard Life Ins. Co.,* 196 N. C. 717; 147 S. E. 6; 199 N. C. 419; 154 S. E. 749; *Levan* v. *Metropolitan Life Ins. Co.,* 138 S. C. 253; 136 S. E. 304; *Pfeiffer* v. *Missouri State Life Ins. Co.,* 174 Ark. 783; 297 S. W. 847; *Reed* v. *Loyal Protective Assn.,* 154 Mich. 161; 117 N. W. 600; *Marti* v. *Midwest Life Ins. Co.,* 108 Neb. 845; 189 N. W. 388; *Roseberry* v. *American Benevolent Assn.,* 142 Mo. App. 552; 121 S. W. 785; *Metropolitan Life Ins. Co.,* v. *Carroll,* 209 Ky. 522; 273 S. W. 54; *Comstock* v. *Fraternal Accident Assn.,* 116 Wis. 382; 93 N. W. 22; *Missouri State Life Ins. Co.* v. *Le Fevre,* 10 S. W. (2d) (Tex. Civ. App.) 267. Cf. *Trippe* v. *Provident Fund Society,* 140 N. Y. 23; 35 N. E. 316; *Insurance Com-*

*panies* v. *Boykin,* 12 Wall. 433, 436; Restatement of the Law of Contracts, American Law Institute, § 301 (4). The case is here on certiorari.

We think the contract is to be interpreted in accordance with the law of Virginia where delivery was made. *Northwestern Mutual Life Ins. Co.* v. *McCue,* 223 U. S. 234; *Equitable Life Assurance Society* v. *Clements,* 140 U. S. 226; *Scudder* v. *Union National Bank,* 91 U. S. 406, 412, 413. As to the meaning and obligation of such a policy, the highest court of the State has spoken in *Swann* v. *Atlantic Life Ins. Co., supra,* construing a provision substantially the same as the one in controversy here. The ruling there was that notice was excused by physical and mental incapacity to give it. " When the disability of the insured occurred while the policy was in force, he was entitled to have his premiums waived until his death, for his disability continued until his death. He had paid for this right, and to say that he should lose the benefit of his policy because he failed, through mental and physical incapacity, to present proofs would be harsh and unreasonable under the circumstances."

In this situation we are not under a duty to make a choice for ourselves between alternative constructions as if the courts of the place of the contract were silent or uncertain. Without suggesting an independent preference either one way or the other, we yield to the judges of Virginia expounding a Virginia policy and adjudging its effect. The case will not be complicated by a consideration of our power to pursue some other course. The *summum jus* of power, whatever it may be, will be subordinated at times to a benign and prudent comity. At least in cases of uncertainty we steer away from a collision between courts of state and nation when harmony can be attained without the sacrifice of ends of national importance. No question as to a rule of the law merchant is present in this case. *Swift* v. *Tyson,* 16 Pet. 1.

340

No question is here as to any general principle of the law of contracts of insurance (*Carpenter* v. *Providence Washington Ins. Co.,* 16 Pet. 495, 511; *Aetna Life Ins. Co.* v. *Moore,* 231 U. S. 543, 559), with consequences broader than those involved in the construction of a highly specialized condition. All that is here for our decision is the meaning, the tacit implications, of a particular set of words, which, as experience has shown, may yield a different answer to this reader and to that one. With choice so "balanced with doubt," we accept as our guide the law declared by the state where the contract had its being. *Trainor Co.* v. *Aetna Casualty Co.,* 290 U. S. 47, 54, 55; *Sim* v. *Edenborn,* 242 U. S. 131, 135; *Community Building Co.* v. *Maryland Casualty Co.,* 8 F. (2d) 678, 680; *Fordson Coal Co.* v. *Kentucky River Coal Corp.,* 69 F. (2d) 131, 132.

The judgment is                          *Affirmed.*