### RECONSTRUCTION FINANCE CORPORATION v. FARMERS STATE BANK OF SAN BENITO, TEX., et al.

No. 7787.

Circuit Court of Appeals, Fifth Circuit.

Jan. 8, 1936.

J. P. Dreibelbis, of Dallas, Tex., for appellant.

H. Grady Chandler and Ocie Speer, both of Austin, Tex., for appellees.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

On March 14, 1932, appellant Reconstruction Finance Corporation loaned Farmers State Bank, a banking corporation under the laws of Texas, $45,000, evidenced by the bank's note of that date, on which there remains unpaid $45,259.91, principal and interest. The note was secured by collateral having a face value of $90,000, the actual value of which is unascertained but admittedly less than $90,000. On May 16, 1932, prior to maturity of said note, the bank suspended and its affairs were placed in the hands of the state banking commissioner, for liquidation.

Since the bank suspended, appellant has been and is still engaged in collecting the collateral securing said note. Appellant filed claim with the banking commissioner for the full amount of the indebtedness, $45,259.91, insisting upon authority of Merrill v. Nat. Bank, 173 U.S. 131, 19 S.Ct. 360, 43 L.Ed. 640, that settlement should be made under the so-called "chancery" rule by which a secured creditor may prove and receive dividends upon the face

of his claim as it stood at the time of the debtor's insolvency, without crediting either the collaterals or collections subsequent to insolvency, until such dividends, together with the amount realized on the collateral, are sufficient to discharge the debt. The banking commissioner refused to settle on that basis, contending that the so-called "bankruptcy" rule should be followed, by which the value of the collateral is first ascertained and that sum credited on the indebtedness, after which the claim is allowed for and dividends paid on the balance.

By final decree in an equity suit instituted by appellant, seeking to force settlement according to the chancery rule, the District Court ordered settlement under the bankruptcy rule. This appeal followed.

This is a Texas state bank. Its assets are in the hands of an administrative officer of that state for distribution. The Texas statutes, though comprehensively regulating the banking business and providing for the incorporation, dissolution, and liquidation of banks, do not in terms prescribe the basis upon which secured debts shall be allowed and settled in the precise circumstances here involved.

In Denson v. Shaw, 62 S.W.(2d) 344, and Brand v. Arroyo-Colorado Navigation Dist., 71 S.W.(2d) 321, Courts of Civil Appeals of Texas held that it was the intent of the Texas Legislature, in enacting its banking statutes, that the "bankruptcy" rule be applied in these circumstances, since which time that practice has been followed, as here, by the banking commissioner, though previously the "chancery" rule was followed. In both the cases last cited, writ of error was denied by the Supreme Court of Texas, though the latter court does not appear to have otherwise decided the question.

Whether the chancery rule or the bankruptcy rule should be followed is a question to be determined in the particular circumstances involved. It may be—as urged by appellant—that generally speaking federal courts in administering trusts and insolvent estates committed to their jurisdiction will exercise independent judgment upon the question of distribution. This, however, is not such a case. Here our primary concern is, not what a federal court should do in the exercise of its independent judgment upon general principles of equity, but what the Texas banking commissioner should be required to do in executing the statutes of his state in the performance of his administrative duties with respect to this trust in his custody for liquidation. The controversy involves an interpretation, not of general principles of equity, but of Texas statutes and public policy. The above-mentioned construction of the statutes of Texas, adopted by the courts of that state for the guidance of its administrative officers, is a rule of administration which should be followed by the federal courts, as did the District Court in this instance, even though other circumstances might require the application of another rule. Missouri K. & T. Trust Co. v. Krumseig, 172 U.S. 351, 19 S.Ct. 179, 43 L.Ed. 474; Ryerson & Son v. Peden, 303 Ill. 171, 135 N.E. 423, 24 A.L.R. 1273; Queensboro Nat. Bank v. Kelly (C.C.A.) 48 F.(2d) 574, 87 A.L.R. 1172. Compare Mutual Life Ins. Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398; Beebe v. Louisville, N. O. & T. R. Co. (C.C.) 39 F. 481. To hold otherwise would not only be a departure from recognized rules of comity (compare Burgess v. Seligman, 107 U.S. 20, 2 S.Ct. 10, 27 L.Ed. 359), but would create an anomalous situation, in which creditors, such as appellant, who can invoke federal jurisdiction, would be dealt with under the chancery rule, while citizens of Texas and others confined to Texas courts would be held to the bankruptcy rule, thus leaving the method of settlement to fortuitous circumstance, and—usually—affording creditors of the former class an ultimate advantage over those of the latter class.

Merrill v. Nat. Bank, supra, and Chemical Nat. Bank v. Armstrong (C.C.A.) 59 F. 372, 373, 28 L.R.A. 231, dealt with the liquidation of national banks. United States F. & G. Co. v. Centropolis Bank (C.C.A.) 17 F.(2d) 913, 53 A.L.R. 295, not only differs from this case on the facts in that the security there involved was a surety bond, and not, as here, collateral deposited by the debtor bank, but no reference is therein made to Missouri decisions adopting the bankruptcy rule, as the Texas courts have done, in the apparent absence of which the chancery rule was there followed in reliance upon general federal authority, including Merrill v. Nat. Bank, supra.

Affirmed.