## FREEDOM CASKET CO. v. NEW YORK LIFE INS. CO.[*]

### No. 5940.

Circuit Court of Appeals, Third Circuit.

Feb. 25, 1937.

Margiotti, Pugliese, Evans & Reid and S. C. Pugliese, all of Pittsburgh, Pa., and Homer H. Swaney, of Beaver Falls, Pa., for appellant.

William H. Eckert and Smith, Buchanan, Scott & Gordon, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This case is before us upon rehearing of an appeal from a decree of the District Court for the Western District of Pennsylvania. The appellee, New York Life Insurance Company, insured the life of Ernest G. Sturgis. The policy was assigned by Sturgis to the appellant, the Freedom Casket Company. After the death of the insured the appellee filed a bill in equity in the court below in which it alleged that the insured had obtained the

[*]Writ of certiorari denied 57 S.Ct. 795, 81 L.Ed. —.

834

policy through making false and fraudulent statements to the appellee's medical examiner. After hearing, the District Court entered a decree directing the cancellation of the policy.

The court received in evidence, over the objection of the appellant, a photostatic copy of the application attached to the policy of insurance. . The application was made by the insured in Ohio, the policy was delivered to him in Ohio and the first premium was paid by him in that state. The policy contained a provision that it should not take effect until the first premium should be paid. The appellant contends, and we sustain the contention, that Ohio law should govern. See John Hancock Mutual Life Insurance Co. v. Mrs. Edna K. Yates, 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. —, opinion filed December 7, 1936. Mutual Life Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398; Northwestern Mut. Life Ins. Co. v. McCue, 223 U.S. 234, 32 S.Ct. 220, 56 L.Ed. 419, 38 .L.R.A.(N.S.) 57; Mutual Life Ins. Co. of New York v. Cohen, 179 U.S. 262, 21 S.Ct. 106, 45 L.Ed. 181. We conclude that under the law of Ohio the application is inadmissible.

Physical examinations of an applicant for insurance are customarily made by the company physician in the absence of witnesses. Questions and answers relevant to the insurability of the applicant are recorded by the physician but not by the applicant. When the claim upon the policy is made, the beneficiaries are of necessity without witnesses as to what did in fact occur during the course of the examination. It was this condition which the Ohio Legislature intended to remedy by requiring that a full and complete copy of the application be submitted to the applicant. The General Code of Ohio, § 9389 provides: "Every company doing business in this state shall return with, and as part of any policy issued by it, to any person taking such policy, a full and complete copy of each application or other document held by it which is intended in any manner to affect the force or validity of such policy. A company which neglects so to do, so long as it is in default for such copy, shall be estopped from denying the truth of any such application or other document. In case such company neglects for thirty days after demand made therefor, to furnish such copies, it shall be forever barred from setting up as a defense to any suit on the policy, any incorrectness or want of truth of .such application or other document."

The alleged false answers to questions 7A and 7B in the copy of the application attached to the policy read:

"7. A. Have you ever had any accident or injury or undergone any surgical operation? Yes Fracture Skull 1915 see notes

"B. Have you ever been under observation or treatment in any hospital, asylum or sanitarium? Yes East Liverpool Hospital 1915"

The photostatic copy of the application thus shows on its face that it is not "a full and complete copy," since part of the answer to questions 7A and 7B sets forth the comment, "see notes." It is undisputed that the notes to which reference is made in the application were not attached to the policy. In view of the Ohio statute the appellee cannot avail itself of evidence of the alleged false answers contained in the application, since it did not attach to the policy a full and complete copy of the application.

Our decision as set forth in opinion filed May 29, 1936, is vacated and set aside and the decree of the court below is reversed.