## NEW YORK LIFE INS. CO. v. JACKSON et al.

No. 6225.

Circuit Court of Appeals, Seventh Circuit.

Jan. 10, 1938.

Rehearing Denied Feb. 14, 1938.

Rudolph J. Kramer, Bruce A. Campbell, R. E. Costello, Roland H. Wiechert, and Norman J. Gundlach, all of East St. Louis, Ill. (James J. Graham, of Springfield, Ill., of counsel), for appellant.

M. W. Feuerbacher, Arthur J. Freund, and Fred A. Eppenberger, all of St. Louis, Mo., for appellees.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This appeal presents the rather narrow question whether, under the provisions of the policy here involved, an insurer is liable for disability benefits to its insured who became totally and permanently disabled during the period of grace following the date on which a semiannual premium payment fell due, which premium was not paid until after the expiration of the period of grace. The insurer filed suit in equity to cancel the reinstatement of the policy on the ground that it was secured by fraudulent misrepresentations in the application for such reinstatement. The defendants named in the bill, the insured and his wife who was the beneficiary under the policy, filed an answer denying the responsibility of the insured for any misrepresentations which might have occurred in the application by reason of his mental incapacity at that time. They also filed a cross-bill asking that the insurer be ordered to pay the monthly disability benefits provided for in the policy, with 10 per cent additional for the vexatious delay in payments due up to the date of the decree, and $2,000 for their attorneys' fees. Decree was rendered in favor of the defendants on their cross-bill, and the insurer was ordered to pay the amount of monthly benefits accrued from August 18, 1934, to date, with 5 per cent interest, less the amount owed by the insured on a loan secured by him on his policy. The decree also declared null and void the reinstatement of the policy August 25, 1934, and held the policy in full force and effect from the date of its issuance. It is from this decree that the appeal is prosecuted.

The facts were all stipulated except as to the mental condition of the insured during the period in question, and as to that appellees introduced evidence, the materiality and probative value of which appellant denied. Appellant introduced no evidence. The court found the facts substantially as follows: Appellant issued its policy to Jackson, then a resident of Missouri, July 22, 1927. All premiums were paid up to and including that due January 22, 1934. August 25, 1934, Jackson executed a written application for reinstatement of his policy, stating that he was then in the same condition of health as when the policy issued, and that he had suffered no illnesses or injuries nor had he consulted or been treated by any physician during the preceding 2 years. Both appellees then executed a loan agreement note for $1,471, and paid appellant $142 in cash, thereby paying a note executed in February, 1934, with interest, and paying the semiannual premium due July 22, 1934.

On December 5, 1934, Jackson furnished proofs for a claim for total disability benefits from August 18, 1934. He had suffered from paralysis agitans from

August 1, 1934, having been under the care of two physicians who had thus diagnosed his condition by reason of which he was totally disabled. He was at that time less than 60 years of age. In February, 1935, appellant notified appellees that it rescinded the reinstatement of the policy and had restored its status as of July 22, 1934, indorsing on the last policy loan agreement (that of August 25, 1934) that by reason of the rescission of the reinstatement the amount of the indebtedness was reduced to $1,363, foreclosed and paid by deducting the amount of the indebtedness and accrued interest from the value of the policy as of the date of lapse. It then tendered to Jackson the sum of $145, the amount of cash received in connection with the reinstatement, with interest. The court further found, in accordance with the stipulation of facts and the evidence introduced, that on August 18, 1934, Jackson was permanently and totally mentally and physically disabled and incapacitated, and that such mental and physical condition had continued from that date up to the date of entry of the decree. It concluded, therefore, that the attempted reinstatement of the policy was of no effect; that at the time of the disability the policy was in full force and effect, and continued so to be; and that there was owing the sum of $2,900, with interest amounting to $181, less $1,363, with interest of $231, due from Jackson to appellant.

The policy here involved provided for payment of $10,000 in case of the death of the insured, with double indemnity if that death resulted from accident, and, "upon receipt of due proof that the Insured is totally and presumably permanently disabled before age 60, as defined * * * One Hundred * * * Dollars each month, and to waive payment of premiums as provided herein." The sections pertinent to the question of Jackson's right under the policy provide:

"In event of default in payment of premium after the Insured has become totally disabled as above defined, the policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the Insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the Company not later than six months after said default."

"Grace. If any premium is not paid on or before the day it falls due the policyholder is in default; but a grace of one month (not less than 30 days) will be allowed for the payment of every premium after the first, during which time the insurance continues in force. If death occurs within the period of grace the overdue premium will be deducted from the amount payable hereunder."

"Payment of Premiums. All premiums are payable on or before their due date * * * The payment of the premium shall not maintain the Policy in force beyond the date when the next payment becomes due, except as to the benefits provided for herein after default in premium payment."

"Waiver of Premium. The Company will waive the payment of any premium falling due during the period of continuous total disability. * * * *"

■ The case, then, squarely presents the question, did Jackson's total disability, conceded to have started after the premium fell due but before the expiration of the period of grace, put into operation the provision for restoration of the policy in case of default in payment of premium after the insured became totally disabled, when the policy declared that the policyholder was to be in default if the premium were not paid on or before the day it fell due.

■ The policy insured (1) against the death of the insured, and (2) against his total disability. It remained in force during the grace period. The occurrence of either event while the policy was in force served to mature the rights created by the policy, subject to due proof on the part of the insured to the insurer. The provision that the payment of the premium should not maintain the policy in force beyond the date when the next premium became due is clearly inconsistent with the provision of the grace period during which the policy should remain in force, and, of course, when two provisions of the policy are inconsistent, that one must prevail which is most favorable to the insured.

The Court of Appeals for the Fifth Circuit considered a situation practically identical with that of the case at bar in Equitable Life Assurance Soc. v. MacKirgan, 86 F.2d 271. There also the policy provided (although in separate sections instead of in one, as here) that failure to pay any premium on or before the day on which it fell due should constitute

a default, and that a grace of 31 days should be granted during which the policy should continue in force. The court interpreted this to mean that notwithstanding the default the insurance under the policy was to be continued for the period of grace, and that notwithstanding failure ever to pay the premium due before the beginning of the total disability as defined by the policy, the right to the benefits under the policy was fixed. "All premiums after that of February 2, 1932 [the policy date], are clearly waived. It is said that that payable February 2, 1932, 'fell due' on that date rather than at the end of its grace period and is not waived because of a disability occurring during the grace period. Looking to the unity of the policy and its broad purpose that disability shall both cause an income and preserve without premium payment the life insurance, we think that it was intended that if a disability occurred during the grace and while the policy was in force the insured was to be relieved of the pending and the future premiums during disability; for that one on which grace has not expired nor interest is running is not absolutely due. * * * But even if not waived, the premium ought to be considered as paid and to be charged by the Society against the disability payments owed by it."

The Supreme Court of Iowa also had a case presenting facts almost identical with those of the case at bar in Murphy v. New York Life Insurance Co., 219 Iowa 609, 258 N.W. 749. There the policy was the same as the one here involved, and the court held that the insured was entitled to recover benefits for disability which occurred after the due date of a premium which was never paid, but before the expiration of the period of grace. This and the MacKirgan Case, supra, are the only ones we find, or to which our attention has been called which are alike as to facts and policy involved. A case decided by the Supreme Court, Mutual Life Ins. Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398, raises a very similar question. There the insured during the period of grace became totally disabled mentally and physically and died thereafter within a 6-months period provided for serving the notice of disability required to entitle him to the benefits provided by the policy. The court held that his right to have the premiums waived was not lost by his failure to give the required notice since such failure was due to his mental incapacity to do so. It is to be noted that the policy in that case appears to differ from the one here involved only in the omission of the statement: "If any premium is not paid on or before the day it falls due the policy-holder is in default." We agree with the reasoning of the MacKirgan Case, supra, in interpreting this to mean that notwithstanding the default the insurance was to be continued for the period of grace.

While we do not question the right of the insurer to exclude from the operation of the grace provisions, benefits arising out of the occurrence of total disability, we are of the opinion that such exclusion must be entirely unambiguous and free from doubt. Cf. Stroehmann v. Mutual Life Insurance Co., 300 U.S. 435, 57 S.Ct. 607, 81 L.Ed. 732. We cannot say that there is such freedom from doubt when the policy provides in one clause that the policyholder shall be in default if any premium is not paid on the day it falls due, and in the next that a grace of one month shall be allowed for the payment, during which the insurance continues in force.

Appellant contends that the inclusion of the provision that if death occurs within the period of grace the overdue premium will be deducted from the amount payable under the policy, and the fact that there is no such provision as to the occurrence of total disability, proves that it was not intended that the grace period was to be extended to save the benefits here sought. We do not agree with this contention. The inclusion of a proviso as to deduction for premium in case of death in no way affects the continuance of the insurance in force in case of total disability.

Appellant cites numerous cases having to do with the jurisdiction of the court to render the relief prayed; the requirement of notice and proof to make effective the provisions as to total disability benefits; forfeiture of the policy in the absence of proof, mental incapacity notwithstanding; the fraud of the insured in his application for reinstatement upon which appellant relied to its detriment; the power of the court to construe the policy as it may determine. In our view of the case it is unnecessary for us to discuss these propositions, since we are of the opinion that unless the contract by its terms clearly and without ambiguity provides that its continuance in force during the grace period is limited to death benefits, that grace period must be held to continue it in effect as to both death

and total disability benefits. The fact of total disability of the insured prior to his reaching the age of 60 years is here conceded; notice of such disability was duly served within 6 months after default in payment of the premium. Whether that default occurred on July 22, when the premium became due, or on August 22, when the period of grace expired, we agree with the ruling of the District Court that the policy was then in force and the rights of the insured became fixed by the occurrence of his disability, provided due proof of those rights was given within the time provided.

Decree affirmed.