### KATHERINE ROOMY v. ALLSTATE INSURANCE COMPANY.

(Filed 2 February, 1962.)

**1. Courts § 20;   Insurance § 3—**

Where a contract of insurance is negotiated and executed in the state in which insured is a resident, such policy will be construed in accordance with the laws of that state in an action in this State on a claim arising here, since the *lex loci* governs the substantive provisions of the agreement.

**2. Insurance § 58—**

The laws of the State in which the liability policy in suit was issued provided that no policy should cover liability of insured to his or her spouse unless the policy expressly so provided, and the policy in suit contained no such provision. *Held:* The policy may not be construed to cover insured's liability for injuries to his wife resulting from an accident occurring in this State.

HIGGINS, J., dissents.

APPEAL by plaintiff from *McConnell, S.J.*, at August 28, 1961 nonjury Civil Term of GUILFORD.

Civil action to recover on automobile liability insurance contract.

The case was heard by the trial judge upon the following stipulations of fact:

### STIPULATIONS OF FACT

"The attorneys for the plaintiff and the attorneys for the defendant stipulate that the material facts pertinent to a decision in this case are as follows:

"I. At all times mentioned in the complaint the plaintiff Katherine Roomy was a citizen and resident of the State of New York.

"II. At all times mentioned in the complaint George Roomy was the husband of Katherine Roomy and was a citizen and resident of the State of New York.

"III. At all times mentioned in the complaint the defendant All-

state Insurance Company was admitted and authorized to do business in the State of North Carolina under the provisions of Chapter 58 of the North Carolina Statutes.

"IV. On August 19, 1957, George Roomy was the owner of a 1949 Chevrolet automobile which was registered in the State of New York and was principally garaged in the State of New York.

"V. Allstate Insurance Company issued a policy of automobile liability insurance to George Roomy covering the aforesaid 1949 Chevrolet automobile. The policy number was 43 204 520-6-25-M and covered the Chevrolet automobile from June 25, 1957, to June 25, 1958. Premiums for the policy had been paid by George Roomy. The limits of liability in the policy were $10,000.00 for each person and $40,000.00 for each occurrence and $5,000.00 property damage liability. A copy of the policy designated as Exhibit 1, together with all endorsements and declarations, is attached to plaintiff's complaint.

"VI. The aforesaid insurance policy was issued and delivered to George Roomy in the State of New York.

"VII. At all times mentioned in the complaint the following statute was in force and effect in the State of New York; Subdivision 3 of Section 167 of the New York Insurance Laws, Consol. Laws, c. 28, provides:

'No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.'

"VIII. There was no endorsement or other provision in the policy providing that the policy insured against any liability because of death or injuries to the insured's spouse.

"IX. On August 19, 1957, the plaintiff Katherine Roomy was a passenger in her husband's 1949 Chevrolet automobile which was being operated by her husband, George Roomy, in Greensboro, North Carolina, when a wreck occurred in which the plaintiff Katherine Roomy sustained severe personal injuries. The accident occurred while the Roomys were visiting relatives in Greensboro.

"X. On or about August 26, 1957, George Roomy notified Allstate Insurance Company of the accident and of the fact that his wife, Katherine Roomy was injured. He also notified Allstate that he and his wife were residents of New York and his policy was issued to him in New York. George Roomy has otherwise complied with the terms of the policy.

"XI. Allstate Insurance Company has at all times denied coverage

under the aforesaid policy to George Roomy and Katherine Roomy for the injuries sustained by Katherine Roomy in said accident.

"XII. On September 9, 1957, George Roomy filed a report (SR-1), properly filled out with Form SR-21 attached, with the North Carolina Commissioner of Motor Vehicles advising that he was insured by Allstate Insurance Company under automobile liability insurance policy No. 43 204 520-6-25-M, that the policy period was from June 25, 1957, to June 25, 1958, that he and his wife were residents of the State of New York, that his wife received injuries in the accident, and that he was owner and operator of the 1949 Chevrolet involved. The report (SR-1) also gave the other pertinent information concerning the accident. The report (SR-1) was filed pursuant to the provisions of G.S. 20-279.4. A photostatic copy of the SR-1 filed by Mr. Roomy is attached hereto and marked as Exhibit 2.

"XIII. The Commissioner of Motor Vehicles mailed Form SR-21 to Allstate Insurance Company in accordance with Allstate's standing request, to its office in Charlotte, North Carolina. The SR-21 was received by Allstate on September 28, 1957. The SR-21 gave the date and location of the accident, make and motor number of vehicle, policy number, name and address of the operator and owner, and name and address of the policy holder. The operator, owner and policy holder was George Roomy, and his address was Brooklyn, New York. On the reverse side of the SR-21 are items which may be checked by the insurance company to indicate to the Department of Motor Vehicles the status of the coverage. A photostatic copy of the SR-21 mailed to Allstate is attached hereto marked as Exhibit 3. Allstate did not return the SR-21 form to the Commissioner of Motor Vehicles, and has not filed any statement with the Commissioner admitting or denying coverage for the injuries sustained by Katherine Roomy.

"XIV. On June 29, 1960, Katherine instituted a civil action against her husband, George Roomy, for damages for personal injuries received in the accident of August 19, 1957. Said suit was instituted in the Superior Court of Guilford County, Greensboro Division, North Carolina. Service of process was properly obtained on George Roomy through the North Carolina Commissioner of Motor Vehicles.

"XV. George Roomy immediately forwarded to Allstate Insurance Company a copy of the summons and complaint served on him in the action by his wife. Allstate denied coverage for the injuries sustained by Katherine Roomy and declined to defend the action on behalf of Mr. Roomy.

"XVI. George Roomy did not file an answer, demurrer or other defensive pleadings to the suit instituted by his wife, Katherine Roomy, and on September 9, 1960, judgment by default and inquiry was en-

tered against George Roomy in the Superior Court of Guilford County, North Carolina.

"XVII. At the October 10, 1960, Civil Term of Superior Court of Guilford County, Greensboro Division, an issue as to the damages sustained by Katherine Roomy was submitted to and answered by a jury, and a judgment was rendered on the verdict of the jury awarding Katherine Roomy $64,187.46 for her personal injuries received in the accident of August 19, 1957, plus Court costs. The judgment was dated October 12, 1960, and was signed by the Honorable Robert M. Gambill, Judge Presiding, at the October 10, 1960, Civil Term.

"XVIII. The plaintiff Katherine Roomy, made demand upon her husband, George Roomy for the payment of the judgment obtained in the Guilford County Superior Court, but said George Roomy has refused to pay said judgment or any part thereof.

"XIX. On November 30, 1960, execution was issued on the judgment obtained by Katherine Roomy against her husband to the Sheriff of Guilford County, N. C., but said execution was returned with the notation that after due and diligent search no property of George Roomy was to be found to satisfy the judgment or any part thereof.

"XX. The North Carolina driving privileges of George Roomy have not been suspended by the Commissioner of Motor Vehicles and George Roomy has not been required to file proof of financial responsibility to continue driving in North Carolina.

"XXI. The plaintiff, Katherine Roomy, has made demand upon the defendant, Allstate Insurance Company, for payment of the judgment against George Roomy, to the extent of the limits of liability set forth in the policy, but said Allstate Insurance Company has refused to pay any part of said judgment under the automobile liability insurance policy and has denied that there is any coverage for the injuries received by Katherine Roomy under said policy.

"XXII. Katherine Roomy instituted this suit against Allstate Insurance Company on January 16, 1961. Allstate filed an answer denying coverage for the injuries received by Mrs. Roomy in the accident of August 19, 1957, and plead the provisions of Subdivision 3 of Section 167 of the New York Insurance Laws, Consol. Laws, c. 28. The conditions precedent set out in the policy for the bringing of this action against Allstate have been complied with by Katherine Roomy."

Upon consideration of the foregoing stipulations of fact and upon consideration of the briefs and arguments of counsel, the trial judge was of the opinion that "as a matter of law, there is no coverage under the Allstate Insurance Company automobile liability insurance policy (No. 43 204 520-6-25-M) issued to George Roomy for the injuries sustained by the plaintiff, Katherine Roomy, in the accident of August 19, 1957."

Therefore, the court ordered, adjudged and decreed that the plaintiff recover nothing of the defendant, and that the action be dismissed.

From the signing of the judgment, plaintiff excepts and appeals therefrom to Supreme Court of North Carolina, and assigns error.

*Stern & Rendleman for plaintiff appellant.*
*Smith, Moore, Smith, Schell & Hunter for defendant appellee.*

WINBORNE, C.J.   The pivotal question on this appeal is this: Should the automobile liability insurance contract in question be interpreted in accordance with the laws of the State of New York wherein the contract was made and delivered, in spite of the fact that the liability of the insured arose out of a collision occurring in North Carolina? The answer is Yes.

The applicable rule, as stated by *Connor, J.,* in *Cannaday v. R.R.,* 143 N.C. 439, 55 S.E. 836, is as follows: "It is settled that 'Matters bearing upon the execution, interpretation and validity of a contract are determined by the law of the place where it is made.' *Scudder v. Bank,* 91 U.S. 406. 'The interpretation of a contract and rights and obligations under it, of the parties thereto, are to be determined in accordance with the proper law of the contract. *Prima facie* the proper law of the contract is to be presumed to be the law of the country where it is made.' Dicey Conft. Law, 563. *Bowen, L.J.* in *Jacobs v. Credit Lyonnais,* 12 Q.B. 589, says: 'It is generally agreed that the law of the place where the contract is made is *prima facie* that which the parties intended, or ought to be presumed to have adopted, as the footing upon which they dealt, and that such law ought, therefore, to prevail in the absence of circumstances indicating a different intention.' 9 Cyc. 667." See, to the same effect, *Satterthwaite v. Doughty,* 44 N.C. 314; *Hall v. Tel. Co.,* 139 N.C. 369, 52 S.E. 50; *Keesler v. Ins. Co.,* 177 N.C. 394, 99 S.E. 97; *Tieffenbrun v. Flannery,* 198 N.C. 397, 151 S.E. 857; *Ins. Co. v. Skurkay,* 204 N.C. 227, 167 S.E. 802.

In *Myers v. Ocean Accident & Guaranty Corp.,* 99 F. 2d 485 (4th Cir., 1938), the insured, a citizen and resident of North Carolina, had an automobile liability insurance policy which was countersigned and delivered in Ohio. An automobile accident involving the insured occurred in Georgia. The insurance carrier brought a declaratory judgment action in the U. S. District Court for the Middle District of North Carolina against the insured seeking to avoid liability under the policy because the automobile covered was being used to carry persons for hire in violation of an exclusionary clause in the policy. Holding that there was no coverage, the court said: "Under the general doctrine, the interpretation of an insurance contract depends on the

law of the place where the policy is delivered. *Mutual Life Ins. Co. v. Johnson,* 293 U.S. 335, at page 339, 55 S. Ct. 154, 156, 79 L. Ed. 398. * * * Both by the Federal and North Carolina decisions it is clear that the policy should be interpreted in accordance with the law of the State of Ohio. *Mutual Life Ins. Co. v. Johnson, supra; Northwestern Mutual Life Ins. Co. v. McCue,* 223 U.S. 234, 32 S. Ct. 220, 56 L. Ed. 419, 38 L.R.A., N.S. 57; Beale, Conflict of Laws, Vol. 2, s. 332.40; *Keesler v. Mutual Life Ins. Co. (supra); Dixie Fire Ins. Co. v. American Bonding Co.,* 162 N.C. 384, 78 S.E. 430; *Connecticut Gen. Life Ins. Co. v. Skurkay, (supra); Cannaday v. Atlantic Coast Line R.R. Co. (supra); Wilson v. Supreme Conclave,* 174 N.C. 628, 94 S.E. 443."

We see no reason, in the instant case, to depart from this well established principle. The parties agreed upon the terms of a contract of insurance in the State of New York. The insured paid a specific premium and received in return the promise of defendant to provide specific liability insurance coverage. To interpret the contract according to the laws of New York would be neither more nor less than to enforce the contract according to the original intention of the parties.

As stipulated, Subdivision 3 of section 167 of the New York Insurance Law, Consol. Laws, c. 28, provides in pertinent part that, "No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse * * * unless express provision relating specifically thereto is included in the policy."

The leading New York case construing this statute is *New Amsterdam Casualty Co. v. Stecker,* 3 N.Y. 2d 1, 143 N.E. 2d 357. This case involved an automobile accident occurring in Connecticut, wherein a husband received injuries while a passenger in an automobile owned and operated by his wife. The husband instituted suit for personal injuries against his wife in Connecticut. Both husband and wife were residents of New York at the time of the accident, and the wife had an automobile liability insurance policy which was made and delivered in New York. The insurance carrier brought a declaratory judgment action against the wife in New York seeking to avoid liability under the policy because of the provisions of the above quoted statute. Holding that the policy did not provide coverage for the husband's injuries, the New York Court of Appeals had this to say: "Subdivision 3 of section 167 governs all automobile liability insurance policies issued in this State without regard to where the accident occurs. It is mandated into and made a part of every policy of automobile liability insurance issued in this State.

" * * * The manifest purpose of subdivision 3 of Section 167 was to

protect insurance carriers from collusive actions between spouses arising out of automobile accidents. Surely the Legislature recognized that the possibility of fraud and collusion is the same no matter where the accident occurs. * * * It is that possibility which the statute was intended to guard against, and the language of subdivision 3 of Section 167, if literally applied, will accomplish that result. There is not the slightest difference in the fraud potential between accidents occurring in New York and those occurring elsewhere."

For these reasons, the judgment of the court below is
Affirmed.

HIGGINS, J., dissents.