# CONTINENTAL LIFE INSURANCE COMPANY *v.* CHAMBERLAIN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF IOWA.

No. 100. Submitted November 13, 1889.— Decided November 25, 1889.

In Iowa it is provided by statute that " any person who shall hereafter solicit insurance or procure applications therefor, shall be held to be the soliciting agent of the insurance company or association issuing a policy on such application, or on a renewal thereof, anything in the application or policy to the contrary notwithstanding." *Held,*

(1) That a person procuring an application for life insurance in that State became by the force of the statute the agent of the company in that act, and could not be converted into the agent of the assured by any provision in the application ;

(2) That, if he filled up the application (which he was not bound to do) or made representations or gave advice as to the character of the answers to be given by the applicant, his acts in these respects were the acts of the insurer ;

(3) That a "provision and requirement" (printed on the back of the policy issued on the application), that none of its terms could be modified or forfeitures waived except by an agreement in writing signed by the president or secretary, "whose authority for this purpose will not be delegated" did not change the relation established by the statute of Iowa between the solicitor and the insured.

THE case is stated in the opinion.

*Mr. J. L. Carney*, for plaintiff in error, cited: *Jeffries* v. *Life Ins. Co.*, 22 Wall. 47; *Aetna Life Ins. Co.* v. *France*, 91 U. S. 510; *Price* v. *Insurance Co.*, 17 Minnesota, 497; *Kelsey* v. *Universal Life Ins. Co.*, 35 Connecticut, 225; *Miles* v. *Conn. Mut. Life Ins. Co.*, 3 Gray, 580; *Campbell* v. *N. E. Mut. Life Ins. Co.*, 98 Mass. 381; *Miller* v. *Mut. Benefit Life Ins. Co.*, 31 Iowa, 216; *Insurance Co.* v. *Wilkinson*, 13 Wall. 222; *Insurance Co.* v. *Mahone*, 21 Wall. 152; *N. Y. Life Ins. Co.* v. *Fletcher*, 117 U. S. 519; *Chase* v. *Hamilton Ins. Co.*, 20 N. Y. 53; *Shawmut Ins. Co.* v. *Stevens*, 9 Allen, 332; *American Ins. Co.* v. *Neiberger*, 74 Missouri, 167; *Insurance Co.* v. *Mowry*, 96 U. S. 544; *Waynesboro Mutual Fire Ins. Co.* v. *Conover*, 98 Penn. St. 384; *Guernsey* v. *American Ins. Co.*, 17 Minnesota, 104; *Catoir* v. *Am. Life Ins. & Trust Co.*, 4 Vroom (33 N. J. L.) 487; *Walsh* v. *Hartford Ins. Co.*, 73 N. Y. 5; *Van Allen* v. *Farmers' Joint Stock Ins. Co.*, 64 N. Y. 469.

*Mr. D. D. Chase*, for defendant in error, cited: *Insurance Co.* v. *Wilkinson*, 13 Wall. 222; *N. Y. Life Ins. Co.* v. *Fletcher*, 117 U. S. 519; *Boetcher* v. *Hawkeye Ins. Co.*, 47 Iowa, 253; *Miller* v. *Mutual Benefit Ins. Co.*, 31 Iowa, 216; *Williams* v. *Insurance Co.*, 50 Iowa, 568; *Walsh* v. *Aetna Life Ins. Co.*, 30 Iowa, 133; *Insurance Co.* v. *Norton*, 96 U. S. 234, 240.

MR. JUSTICE HARLAN delivered the opinion of the court.

This action is upon a policy of insurance on the life of Richard Stevens, the intestate of the defendant in error. There was a verdict and judgment against the insurance company.

The policy recites that "it is issued and accepted upon the

condition that the provisions and requirements printed or written by the company upon the back of this policy are accepted by the assured as part of this contract as fully as if they were recited at length over the signatures hereto affixed." The signatures here referred to are those of the president and secretary of the company.

The application for insurance was taken in Iowa by one Boak, a district agent of the company in certain named counties of the State, fourteen in number, having written authority "to prosecute the business of soliciting and procuring applications for life insurance policies within and throughout said territory."

Among the numerous questions propounded in the application was the following: "Has the said party [the applicant] any other insurance on his life; if so, where and for what amounts?" The answer, as it appears in the application, is: "No other." That answer, as were all the answers to questions propounded to the applicant, was written by the company's agent, Boak. In reference to the above question and answer, the latter testified: "I asked him [Stevens] the question if he had any other insurance, as printed in the application and as we ask every applicant, and he told me he had certain certificates of membership with certain coöperative societies, and he enumerated different ones, and said he did not know whether I would consider that insurance or not. I told him emphatically that I did not consider them insurance and we had considerable conversation about it. He wanted to know my authority for saying I did not consider them insurance. I gave him my authority — gave him my reasons — and he agreed with me that these coöperative societies were in no sense insurance companies, and in that light I answered the question 'No.' Q. Did you tell him at the time that the proper answer was 'No' after he had stated the facts? A. I did. Q. Who wrote the answer in there? A. I did."

The application also contained these clauses: "And it is hereby covenanted and agreed that the statements and representations contained in this application and declaration shall be the basis of and form part of the contract or policy of in-

surance between the said party or parties signing this application and the said Continental Life Insurance Company, which statements and representations are hereby warranted to be true, and any policy which may be issued upon this application by the Continental Life Insurance Company and accepted by the applicant shall be so issued and accepted upon the express condition that if any of the statements or representations in this application are in any respect untrue, or if any violation of any covenant, condition, or restriction of the said policy shall occur on the part of the party or parties signing this application, then the said policy shall be null and void, and all moneys which may have been paid on account of said policy shall be forfeited to the said company.

"And it is hereby further covenanted and agreed that the officers of the said company at the home office of the said company, in Hartford, Conn., alone shall have authority to determine whether or not the policy of insurance shall be issued on this or any application, or whether or not any insurance shall take effect under this or any application.

"And it is hereby further covenanted and agreed that no statements or representations made or given to the person soliciting this application for a policy of insurance or to any other person shall be binding on the said company, unless such statements or representations be in writing in this application when the said application is received by the officers of the said company at the home office of the said company, in Hartford, Conn."

Among the "Provisions and Requirements" printed on the back of the policy are the following:

"11. The contract between the parties hereto is completely set forth in this policy and the application therefor, taken together, and none of its terms can be modified nor any forfeiture under it waived except by an agreement in writing signed by the president or secretary of the company, whose authority for this purpose will not be delegated.

"12. If any statement made in the application for this policy be in any respect untrue this policy shall be void, and all payments which shall have been made to the company on account of this contract shall belong to and be retained by the company:

*Provided, however,* That discovery of the same must be made by the company and notice thereof given to the assured within three years from the date hereof."

It was admitted on the trial that at the date of Stevens's application he had insurance in coöperative companies to the amount of $12,000.

The company contended in the court below that by the terms of the policy it was discharged from liability by reason of the answer, " No other," to the question as to other insurance on the life of the applicant; its contention being that the certificates of membership in coöperative societies constituted insurance, which should have been disclosed in the written answer to that question.

The court below charged the jury, in substance, that if at the time the application was being prepared, Stevens fully stated the facts to the agent, Boak, and the latter came to the conclusion that certificates in coöperative companies did not mean insurance within the view the defendant took of insurance, and in that view wrote the answer that there was no other insurance, then it was the company, by its agent, that made the mistake, and for such mistake the responsibility cannot be placed upon the assured. Again : " If, therefore, you find under the evidence that Stevens did state fully and fairly the facts in regard to those different insurances in coöperative companies to the agent, and the agent, knowing all these facts, wrote the answer in the application as it is contained therein, the defendant is now estopped from making defence by reason of the fact that Stevens did have insurance in these coöperative companies."

It must be assumed upon the record before us that Boak had authority from the defendant to prosecute the business of soliciting and prosecuting applications for policies; that Stevens acted in good faith, and made to the company's agent a full disclosure of every fact involved in the question as to whether he had other insurance upon his life ; that he was informed by the agent that insurance in coöperative societies was not deemed such insurance as the company required to be stated ; and that Boak, upon his own responsibility, as agent of the de-

fendant, though with the knowledge and assent of Stevens, wrote the answer "No other," assuring the applicant at the time that such was the proper answer to be made.

Is the insurance company estopped, under these circumstances, to dispute its liability upon the policy? This question, the plaintiff insists, must receive an affirmative answer upon the authority of *Insurance Co.* v. *Wilkinson*, 13 Wall. 222; *Insurance Co.* v. *Mahone*, 21 Wall. 152, and *New Jersey Mutual Life Insurance Co.* v. *Baker*, 94 U. S. 610; while the defendant contends that the case of *New York Life Insurance Co.* v. *Fletcher*, 117 U. S. 519, requires it to be answered in the negative. An extended statement of those cases is not necessary, and therefore will not serve any useful purpose; for the present case can be determined upon its special facts and upon grounds that did not exist in any of the others.

By the first section of an act of the legislature of Iowa, approved March 31, 1880, entitled "An act relating to Insurance and Fire Insurance Companies," (Laws of Iowa, 1880, c. 211, p. 209,) it is provided that "any person who shall hereafter solicit insurance, or procure applications therefor, shall be held to be the soliciting agent of the insurance company or association issuing a policy on such application, or on a renewal thereof, anything in the application or policy to the contrary notwithstanding."

The second section, among other things, requires all insurance companies or associations, upon the issue or renewal of any policy, to attach to the policy, or endorse thereon, a true copy of any application or representations of the assured, which, by the terms of the policy, are made a part thereof, or of the contract of insurance, or are referred to therein, or which may in any manner affect the validity of the policy. The third section relates only to policies of fire insurance. The last clause in the act is in these words: "All the provisions of this chapter shall apply to and govern all contracts and policies of insurance contemplated in this chapter, anything in the policy or contract to the contrary notwithstanding."

In *Cook* v. *Federal Life Association*, 74 Iowa, 746, 748,

'where the question arose as to the scope of the above statute, the Supreme Court of Iowa said: "Considering the title of the act and all of its provisions, it seems to us to be very clear that it applies in its first and second sections to all kinds of insurance. There can be no doubt that section one applies to any and all classes of insurance, whether life, fire, marine, insurance of live stock, or any other kind of insurance; and the same may be said of the second section. To hold otherwise would, it seems to us, be inconsistent with and repugnant to the title of the act. If all insurance was not contemplated, the title would have been, simply, 'An act relating to fire insurance companies.'" The object of this legislation is manifest. But if any doubt on the subject existed, it is removed by the case of *St. Paul Fire & Marine Ins. Co.* v. *Shaver*, 76 Iowa, 282, 286, in which it was said: "The purpose of the statute was to settle, as between the parties to the contract of insurance, the relation of the agents through whom the negotiations were conducted. Many insurance companies provided in their applications and policies that the agent by whom the application was procured should be regarded as the agent of the assured. Under that provision they were able to avail themselves, in many cases of loss, of defences which would not have been available if the solicitor had been regarded as their agent, and many cases of apparent hardship and injustice arose under its enforcement, and that is the evil which was intended to be remedied by the statute, and it ought to be so interpreted as to accomplish that result."

This statute was in force at the time the application for the policy in suit was taken, and, therefore, governs the present case. It dispenses with any inquiry as to whether the application or the policy, either expressly or by necessary implication, made Boak the agent of the assured in taking such application. By force of the statute, he was the agent of the company in soliciting and procuring the application. He could not, by any act of his, shake off the character of agent for the company. Nor could the company by any provision in the application or policy convert him into an agent of the assured. If it could, then the object of the statute would be

defeated.  In his capacity as agent of the insurance company he filled up the application — something that he was not bound to do, but which service, if he chose to render it, was within the scope of his authority as agent.  If it be said that, by reason of his signing the application, after it had been prepared, Stevens is to be held as having stipulated that the company should not be bound by his verbal statements and representations to its agent, he did not agree that the writing of the answers to questions contained in the application should be deemed wholly his act, and not, in any sense, the act of the company, by its authorized agent.  His act in writing the answer, which is alleged to be untrue, was, under the circumstances, the act of the company.  If he had applied in person, to the home office, for insurance, stating in response to the question as to other insurance the same facts communicated by him to Boak, and the company, by its principal officer, having authority in the premises, had then written the answer "No other," telling the applicant that such was the proper answer to be made, it could not be doubted that the company would be estopped to say that insurance in coöperative societies was insurance of the kind to which the question referred, and about which it desired information before consummating the contract.  The same result must follow where negotiations for insurance are had, under like circumstances, between the assured and one who in fact, and by force of the law of the State where such negotiations take place, is the agent of the company, and not, in any sense, an agent of the applicant.

It is true that among the "Provisions and Requirements," printed on the back of the policy, is one to the effect that the contract between the parties is completely set forth in the policy and in the application, and "none of its terms can be modified nor any forfeiture under it waived except by an agreement in writing signed by the president or secretary of the company, whose authority for this purpose will not be delegated."  But this condition permits — indeed, requires — the court to determine the meaning of the terms embodied in the contract between the parties.  The purport of the word "insurance" in the question, "Has the said party any other

insurance on his life?" is not so absolutely certain as, in an action upon the policy, to preclude proof as to what kind of life insurance the contracting parties had in mind when that question was answered. Such proof does not necessarily contradict the written contract. Consequently, the above clause, printed on the back of the policy, is to be interpreted in the light of the statute and of the understanding reached between the assured and the company by its agent when the application was completed, namely, that the particular kind of insurance inquired about did not include insurance in coöperative societies. In view of the statute and of that understanding, upon the faith of which the assured made his application, paid the first premium, and accepted the policy, the company is estopped, by every principle of justice, from saying that its question embraced insurance in coöperative associations. The answer of "No other" having been written by its own agent, invested with authority to solicit and procure applications, to deliver policies, and, under certain limitations, to receive premiums, should be held as properly interpreting both the question and the answer as to other insurance.

*The judgment is affirmed.*