## AMERICAN AUTOMOBILE INS. CO. v. CASTLE, ROPER & MATHEWS et al.

### No. 8880.

Circuit Court of Appeals, Eighth Circuit.

March 11, 1931.

Rehearing Denied April 17, 1931.

Ralph P. Wilson, of Lincoln, Neb., and John S. Marsalek, of St. Louis, Mo. (Allen, Moser & Marsalek, of St. Louis, Mo., and Burkett, Wilson, Brown, Wilson & Van Kirk, of Lincoln, Neb., on the brief), for appellant.

C. Petrus Peterson, of Lincoln, Neb. (Peterson & Devoe, of Lincoln, Neb., on the brief), for appellees.

Before KENYON and BOOTH, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

Appellant was the plaintiff and appellees the defendants in the trial court, and these designations will be used in the course of this opinion.

Plaintiff was engaged in the automobile liability insurance business, and on August 23, 1927, issued its policy or contract of insurance to the corporate defendant, whereby it insured said defendant for the term of one year against liability arising from the use of its automobiles. On the 16th of September, 1927, an accident occurred which formed the basis of a claim against the defendants. The automobile involved had been hired by, and was being used on behalf of, the corporate defendant.

On September 28th following, plaintiff caused to be attached to its said policy an indorsement which specifically covered hired automobiles "during the term thereof." After this was done, the plaintiff was notified of the accident and of the claim being made against the defendants. Thereupon, plaintiff canceled its policy and then filed its bill in equity to reform its terms while it was in force by striking from the hired car indorsement the words "during the term thereof" and inserting therein the words "from the date of this endorsement."

The object of such reformation was to relieve the company of apparent liability on account of hired cars used prior to the indorsement, which, it is averred, was in accordance with the actual agreement of the parties. Plaintiff alleged that the language of the said indorsement was the result of a mutual mistake.

The defendants by answer, cross-bill, and counterclaim denied the limitations stated by plaintiff as to the coverage of the original policy, and averred that the original contract, consonant with the agreement of the parties, should have included hired automobiles. The defendants, therefore, sought to reform the policy to make it comply with their view of the original understanding of the parties. Moreover, the corporate defendant, having discharged the liability accruing against it because of the accident above mentioned, prayed recovery of the loss sustained, with interest, costs, and attorneys fees, upon the policy so reformed.

The chancellor below, upon the evidence, dismissed plaintiff's bill, reformed the policy in accordance with the cross-bill of the defendants, and allowed a money recovery in its decree for the loss sustained up to the limits of the policy. Plaintiff has appealed, claiming error in the dismissal of its bill, the reformation of the policy as prayed by the defendants, and the allowance of recovery for losses under the contract as reformed. These questions will be discussed, and statement of additional pertinent facts will be made in the course of the opinion.

1. The policy with its indorsements was obtained through the intermediation of O. G. Pierce Company of Lincoln, Neb. This was the business name of Mrs. Olga G. Pierce. She was engaged in the brokerage insurance business, and negotiated with the defendants relative to liability insurance. She solicited the insurance and obtained the policy through another brokerage office at Omaha, Neb., and thence through the regularly licensed agents of the plaintiff, also of Omaha. Nebraska statutes, section 7757, Compiled Statutes of 1922, in force at the time, provided in relation to brokers as follows:

"Every * * * broker who shall solicit an application for insurance of any kind shall, in any controversy between the insured * * * and the company issuing any policy upon such application, be regarded as representing the company and not the insured."

Section 7772 is supplemental, and fixes the status of all persons as agents for the insurer where such persons cause insurance contracts to be executed or receipt for the premiums on such insurance. Such statutes are recognized and enforced. 32 C. J. 1057;

McMaster v. New York Life Insurance Co., 183 U. S. 25, 22 S. Ct. 10, 46 L. Ed. 64; Continental Life Insurance Co. v. Chamberlain, 132 U. S. 304, 10 S. Ct. 87, 33 L. Ed. 341.

It is obvious, therefore, that the O. G. Pierce Company was for all the purposes of this action the agent of the plaintiff. Stipcich v. Metropolitan Life Insurance Co., 277 U. S. 311, 48 S. Ct. 512, 72 L. Ed. 895. Her status was necessarily that of a soliciting agent. In Robinson v. Union Automobile Insurance Co., 112 Neb. 32, 198 N. W. 166, the Supreme Court of Nebraska defined the powers of a soliciting agent. This was done in construing said sections 7757 and 7772, supra. It was there held in effect that the agent would have the right to agree with the insured in reference to the coverage of the policy, and that, if the policy when issued did not conform to the agreement of the parties, it became the subject of reformation.

Although the testimony of Mrs. Pierce, who testified for plaintiff, was vague and unsatisfactory, yet it tended to support the cross-bill of defendants to the effect that hired automobiles should have been included in the coverage of the original policy.

The testimony of Charles H. Roper, who acted for the corporate defendant in such negotiations, was clear, positive, and satisfactory that the coverage of the original contract should have included hired automobiles.

The plaintiff relies on circumstances to support its claim that the hired car indorsement was not to become effective as of the date of the original policy. These circumstances were gathered from the conferences of Mrs. Pierce with employees of the corporate defendant, wherein it was specifically mentioned that hired cars were not used by the corporate defendant, and the fact that in all the correspondence between O. G. Pierce Company and the Omaha·broker no reference was made to hired cars. Such correspondence specifically referred only to automobiles owned by the corporate defendant. Moreover, when the accident occurred, O. G. Pierce Company was notified by defendants. Mrs. Pierce thereupon obtained the hired car indorsement, but neglected to advise her principal of the fact of the accident and probable claim. She delayed doing this till after the indorsement had been obtained and attached to the policy.

There was no evidence, however, that the corporate defendant or its agent knew anything about the correspondence of O. G. Pierce Company with her principal or of her failure to notify plaintiff of the accident or that there was collusion or bad faith on its part.

It was natural and proper for the agent of the corporate defendant to acquaint plaintiff's soliciting agent with the facts of the accident and to interpose a complaint on the limitation, if any, as to coverage of the original contract as evidenced by the policy. The defendant, Charles H. Roper, acting for his codefendant, testified that he made such complaint to Mrs. Pierce after the accident, and that she at the time acquiesced in his suggestion that the policy was incomplete, in view of their negotiations, and voluntarily undertook to have it corrected. This she apparently did and delivered an amended or indorsed policy to the insured.

Upon the foregoing, the trial court was justified in dismissing plaintiff's bill. Moreover, there was clear, convincing, and satisfactory testimony in support of the reformation of the policy in accordance with the prayer of the defendants. Philippine Sugar Estates Development Co. v. Government of Philippine Islands, 247 U. S. 385, 38 S. Ct. 513, 62 L. Ed. 1177; Mathis v. Hemingway (C. C. A.) 24 F.(2d) 951.

2. Plaintiff's statement that the defendants would not have the right to recover on the policy as reformed for want of notice is untenable. The plaintiff waived notice and proofs of loss by denying liability on other grounds. Royal Insurance Co. v. Martin, 192 U. S. 149, 24 S. Ct. 247, 48 L. Ed. 385; Feis v. United States Insurance Co., 112 Neb. 777, 201 N. W. 558, 39 A. L. R. 1008. Moreover, there was no provision for forfeiture upon failure to give notice.

3. Though the parties stipulated for the waiver of a jury on the law question arising in the case, yet, under equity rule No. 23 (28 USCA § 723), it was entirely permissible for the trial court to determine said matter "according to the principles applicable, without sending the case or question to the law side of the court."

The decree of the chancellor below is correct, and it is affirmed.