**MICCOLIS v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.**

**No. 7279.**

Circuit Court of Appeals, Seventh Circuit.

Oct. 28, 1940.

Rehearing Denied Nov. 20, 1940.

Writ of Certiorari Denied Jan. 20, 1941.

See 61 S.Ct. 551, 85 L.Ed. ——.

L. L. Bomberger and Rae M. Royce, both of Hammond, Ind., for appellant.

Oscar B. Thiel, Frank Rondinelli, and James A. Patterson, all of Gary, Ind., for appellee.

Before EVANS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

The judgment from which this appeal was taken was entered upon a verdict for $5,000 in favor of the plaintiff, a beneficiary named in an insurance policy, issued to, and on her deceased husband's life. This policy bore date, December 10, 1931. Insured died March 29, 1934.

The defense is based on alleged material misrepresentations which were made in the insured's application for the policy. An alleged tender and an attempted rescission also present a sharply-disputed factual controversy.

The Indiana statute (Burns Ind.Stats. 1933, Sec. 39-801(3), as amended, Sec. 39-4206) making a life insurance policy incontestable after two years presents the first serious obstacle to the defendant's asserted defense. If sustained, it renders unnecessary our inquiry into the facts which deal with tender, attempted rescission, and alleged misrepresentations.

The contract was one which is generally known as an accident policy. It contained a subdivision entitled "Accident Indemnities." The clause which covers liability in the instant case provides that "for loss" sustained through "bodily injuries * * * which shall independently and exclusively of disease and all other causes * * *:" there be paid "For Loss of Life $5,000.00." Included in this same paragraph were coverages for loss of eyes, foot, hand, etc. Another provision called "for monthly indemnity" of "one hundred dollars per month, in case the insured be wholly and continuously disabled, etc."

Another paragraph was headed "Double Specific Losses." It provided for a payment of $10,000 for loss of life and double the amounts provided in the preceding paragraph, if the insured suffered lesser injuries, while riding on a railway car, etc.

The contract before us contained no incontestable clause. The Indiana statute (39-4206),* however, if applicable

---

* "39-801. * * * *Provisions of life insurance policies.*—From and after July

1, 1909, no policy of life insurance shall be issued or delivered in this state or be

prevents escape from liability on that ground. The Indiana statute is a part of every Indiana life insurance policy as fully as though the insurer expressly recognized it and inserted it into its contracts.

If, however, this Indiana statute is not applicable to the policy in suit (because an accident insurance policy), then defendant has avoided incontestability by not inserting such a provision in its contract.

Our inquiry, therefore, is limited to an ascertainment of the applicability of the Indiana statute and the Indiana law to an insurance policy which covers death "resulting from * * * bodily injuries" of a nature which we commonly describe as accidental.

The risks covered by this policy may be divided, naturally, into (a) death losses, and (b) lesser losses which do not result in the insured's death. Both, it may be conceded, have the same origin, to-wit, "bodily injuries" sustained "through accidental means."

In our approach we must recognize that the incontestable clause provisions of the state statutes were inserted to protect the insured against efforts of the insurers to avoid liability after death had sealed the lips of the insured. It was believed unfair to the insured, whose death made it impossible for him to explain his answers or give his version of questions and answers in the application, to permit the insurer to assert misrepresentations unless this defense were made within a reasonable time. Likewise, it was not thought consonant with fair dealing, to permit the insurer to receive and retain premiums indefinitely and wait the judgment of Fate to finally determine the intention of the insurer in respect to the insured's alleged false statements. It was likewise unfair to permit the insurer, after years had elapsed and the

insured was dead, to bring up these misstatements when often the insurer's agent knew or had reason to believe they were false when he took the insured's application. In short, these statutes were enacted to protect the insured. Their purpose was to compel the insurer to act within a reasonable time to rescind its contract, because of the insured's misstatements, or be bound by its death payment obligations.

The wisdom of the legislation was promptly recognized by most insurance companies, and they inserted time limitations more favorable to the insured than were required by the statutes. The incontestability statute and the incontestable clauses which appeared in the policies were mutually beneficial to both insurer and insured.

Where conflicts arose and litigation ensued, it became necessary to construe these statutes and clauses. The results of such litigation were uniform holdings to the effect that incontestable clauses and statutes are favored in the law. Courts construe them, if ambiguous or at all uncertain, in favor of the insured. American Jurisprudence, Vol. 29, "Insurance," Sec. 880.

The Indiana courts have disposed of the question in controversy adversely to the defendant's contention. State v. Willett, 171 Ind. 296, 86 N.E. 68, 23 L.R.A.,N.S., 197; National Colored Aid Society v. State, 208 Ind. 380, 196 N.E. 240. See also decision by this court in an Indiana insurance case, Federal Life Ins. Co. v. Zebec, 7 Cir., 82 F.2d 961. To the same effect are: Miller v. Maryland Casualty Co., 3 Cir., 193 F. 343; Continental Casualty Co. v. Agee, 8 Cir., 3 F.2d 978; Fidelity & Casualty Co. v. Gorman, 8 Cir., 38 F.2d 590. The Indiana courts have consistently recognized, as far as applicability of the

issued by a life insurance company organized under the laws of this state, unless the same shall provide the following:
* * * * * *
"(3) That the policy, together with the application therefor, a copy of which application shall be attached to the policy and made a part thereof, shall constitute the entire contract between the parties *and shall be incontestable after it shall have been in force during the lifetime of the insured for two (2) years from its date*, except for nonpayment of premiums and except for violation of the conditions of the policy relating to naval and military service in time of war."

The foregoing statute was amended in 1935, and, as amended, an exception clause was inserted which reads as follows:
"* * * except for nonpayment of premiums, and except for violation of the conditions of the policy relating to naval and military service in time of war, and at the option of the company provisions relative to benefits in the event of total and permanent disability and provisions which grant additional insurance specifically *against death by accident may also be excepted*."

582

incontestable clause is concerned, a difference between a disability obligation in an accident insurance policy and a death obligation in the same policy.

It is said in Guardian Life Insurance Co. v. Barry, 213 Ind. 56, 61, 10 N.E.2d 614, 616:

" * * * In all of the cases which have come to our attention, dealing with statutes of the character here involved, it has been held that a combination of life and disability policies is to be regarded as two distinct contracts, though contained in one instrument, and that statutory provisions for an incontestability clause for life insurance policies is inapplicable to the disability insurance. * * *

"The appellee cites many cases to sustain the contention that the policy sued on is a life insurance contract and that the statute applies to all of its provisions, including disability insurance. But they do not sustain the contention. All of the cases cited involve claims for death, and it is held that policies, the benefits of which are payable at death, are life insurance policies, notwithstanding the inclusion in the contract of provision for benefits for disability. None of the cases hold that, in an action for disability benefits, statutory provisions governing life policies apply, even though the contract includes life insurance provisions."

It is argued that the Indiana court in the Barry case was considering the statute before its amendment in 1935. A sufficient answer to this argument is that we, too, are considering a case where the old rather than the new statute governs.

In passing, however, it may be observed, as to the 1935 amendment, that it recognizes the law of Indiana to be as stated in the Barry case.

In other words, an accident insurance policy should, if the coverage warrants it, be viewed as two distinct contracts. One covers disability, the other, life losses. The latter are subject to the statutory incontestability provision. As to disability coverage, under the amendment, the insurer has an "option" of contracting against two year incontestability in two classes of cases: (a) where there is total and permanent disability; (b) where additional insurance is provided in a life insurance policy and death is caused by accidental means. Neither exception has application to a case like the one before us. Moreover, the "option" given to the company would require it to specifically and expressly provide, in its contract, for its exception to the general incontestable clause. An option to be effective contemplates action by optionee. Absence of action awakens no life in the option. We would not be justified in holding insured by an unexpressed exercise of the insurer's right under the option clause of this amendment.

The judgment is affirmed.