RICHARD N. STIX v. CONTINENTAL ASSURANCE COMPANY, an Insurance Corporation Incorporated by the State of Illinois.

3 So. (2nd) 703
En Banc
Opinion Filed July 22, 1941
Rehearing Denied September 16, 1941

*Paul C. Taylor,* for Petitioner;

*Knight & Green,* for Respondent.

TERRELL, J.—In May, 1927, Continental Assurance Company issued a policy of indemnity insurance in favor of Richard N. Stix, agreeing to pay him five hundred dollars per month disability benefits in case of loss of time from his business. More than twelve years later, the insurer having declined to indemnify, Stix brought suit to recover on the policy. The insurer countered with the instant suit to cancel the policy for giving false answers to questions in his application as to prior sickness, use of intoxicants, heart trouble, and in failing to give the names of physicians who had treated him for these troubles.

The insured answered the bill of complaint wherein he denied any intention to defraud the insurance company. The answer alleged further that he made a complete disclosure of his life's history to the soliciting agent of the company, giving the names of all physicians who had treated him, denied that he had ever been addicted to the use of intoxicants or that he had any of the diseases named in the bill of complaint. It is also alleged that the application for the insurance was written by the agent of the insurer after a full disclosure by the insured, that all premiums have been paid as due and that no attempt was made to challenge the bona fides of the policy until after suit was brought to recover benefits under it.

A motion to strike the parts of the answer setting

up this defense was granted. This order is here for review by certiorari under rule 34 of this Court, the sole question for our consideration being whether or not the chancellor committed error in granting the motion to strike.

The portions of the answer setting the insured's defense are lengthy but may be epitomized in this: The insured was solicited in April, 1927, by an agent of the insurer for the policy in question, that the insured discussed the question of his insurability fully with said agent and explained to him that he (insured) had a gonorrheal infection and rheumatism in 1922, but that he had been pronounced as cured and discharged by Dr. A. W. Nelson, that he (insured) was then in good health and had recently passed an examination for insurance. On investigating these disclosures, the insurer advised him (insured) that he was a good insurable risk and would issue the policy on condition that he waive hospital benefits unless caused by accident, that he refused to sign the application until all these facts were made known to the insurer, that when the medical examiner of the insurer examined him, he made the same disclosures and gave him the names of all the doctors who had treated him, to-wit: Dr. Julien E. Benjamin, of Cincinnati. Dr. Sam Allen and Dr. A. W. Nelson, that the medical examiner assured him that he was satisfied with his condition after which petitioner signed the application. The answer denied that the insured ever had any illness other than that disclosed, that he had ever used alcohol to excess, or that he had a heart attack at any time.

The insured contends that having made a full disclosure to both the agent and the medical examiner of

the insurer that if it was not in full possession of his life history, it was the fault of its agents and that he refused to sign the application for the insurance until he was advised that these facts were known to the insurer. Insured insists that the law of the case is foreclosed by Massachusetts Bonding and Insurance Company v. Williams, 123 Fla. 560, 167 So. 12, wherein it was held that if statements written by the agent of the insurer in the application do not correspond with the representations actually made by the insured, he is not precluded by them; and this is true whether the false answers were inserted through mere negligence or mistake.

The insurer contends on the other hand that the application for the insurance contains false and fraudulent representation as to insured's previous health record and being so, the policy should be cancelled. Mutual Life Insurance Company v. Hilton-Green, 241, U. S. 613, 36 Sup. Ct. 676, 60 L. Ed. 1202, and like cases are relied on to support this contention.

The latter case is grounded squarely on the proposition that the applicant made false and fraudulent answers to the agent of the insurer while the case relied on by the insured is grounded on the theory that the answers written in the application did not correspond with those actually given by the insured. The law of these cases is well settled by a wealth of authority.

The law in this State is that when the agent of an insurance company fills in an application for insurance, his act in doing so is the act of the company. If the applicant fully states the facts to the agent at the time and the agent writes the answers incorrectly or contrary to the facts stated by the applicant, the com-

pany is estopped from making a defense in an action on the policy by reason of the false answer. Continental Life Insurance Company v. Chamberlain, 132 U. S. 304, 10 Sup. Ct. 87, 33 L. Ed. 341.

The case at bar is not squarely in point with either case relied on by the parties. The record shows that negotiations about the policy took place between the insured and the agent of the insurer. If the insured made the disclosures that he claims to have made and the insurer then issued the policy, it will not be permitted to complain. At any rate under the facts alleged, the insured should not be precluded from an opportunity to prove his defense and if he can do so the policy should not be cancelled. It takes a stronger showing to make a case for fraud after the premiums have been paid for more than twelve years.

The writ of certiorari is granted and the judgment reversed.

Reversed.

WHITFIELD, BUFORD, CHAPMAN and ADAMS, J. J., concur.

BROWN, C. J., and THOMAS, J. J., dissent.

ADAMS, J. (concurring).—I concur in the reversal upon the theory that the bill contains no equity.