59 So.2d 371 (1952)
GULF LIFE INS. CO.
v.
FERGUSON.
Supreme Court of Florida, en Banc.
June 10, 1952.
Philip D. Beall, Pensacola, for appellant.
Richard P. Warfield, Pensacola, for appellee.
TERRELL, Justice.
November 15, 1948, Gulf Life Insurance Company issued James P. McCraney a policy of insurance on his life, in which appellee was named as beneficiary. January 6, 1949, the insured died and his widow, now Susie McCraney Ferguson, brought this suit to recover on the policy. Defendant denied liability on the ground that insured made false representations as to his physical history when he applied for the policy. The case went to trial resulting in a verdict and judgment for the plaintiff, a new trial was denied and this appeal was prosecuted.
The point for determination is whether or not in a suit to recover on a contract of life insurance, where the defense of fraud in procuring the policy is interposed and no response thereto is proffered by the plaintiff, the plaintiff should be permitted over objection of the defendant, to introduce evidence at the trial to prove estoppel or waiver of the defense of fraud.
Rule 8, Florida Common Law Rules, 30 F.S.A., contemplates that the issues in a cause will generally be made by the answer to the complaint. When this is done there is no occasion for further pleading. In the case at bar the complaint is in the usual form based on a life insurance policy. If defendant had done no more than traverse the allegations of the complaint the case would have been at issue. Instead defendant filed pleas raising the defense of fraud in that (1) when deceased applied for the policy he represented that he was not addicted to the use of intoxicating liquors and in fact did not indulge in alcoholic beverages. (2) Deceased had not had a physical examination by a doctor or any illness not mentioned in his application for two years immediately preceding the date thereof. To this defense there was no responsive pleading on the part of plaintiff.
*372 At the trial plaintiff introduced evidence to show that defendant was estopped to raise the defense of fraud in securing the policy because the agent of defendant had prepared the application for the policy without the aid of the insured and that if there were untruthful statements in it deceased was not responsible for them. Defendant seasonably objected to this testimony on the ground that it was immaterial to any issue raised by the pleadings and that if plaintiff intended to rely on any such defense the issue should have been raised as contemplated by the rules. The trial court held that it was not essential that a reply to the defense of fraud be interposed in order that evidence supporting estoppel or waiver be introduced. Defendant's objections were therefore overruled, the evidence was introduced, the court treated the issues as if they had been regularly raised by the pleadings and the trial proceeded to judgment.
We think the court was in error in so ruling. The clear requirement of Subsection (d) of Rule 9, Common Law Rules, is that when affirmative defenses are raised they are deemed as denied if an affirmative defense is not offered. No such issue was made but the court permitted evidence to prove waiver or estoppel and did not charge the jury that it was solely for the purpose of rebuttal. Waiver or estoppel was the major issue on which the case was decided, yet it was not affirmatively pleaded and defendant was not on notice of such an issue by the pleading. There was abundant evidence showing fraud in procurement of the policy. The judgment is accordingly reversed with permission to amend the pleadings and grant a new trial if desired.
Reversed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.
CHAPMAN, ROBERTS and MATHEWS, JJ., dissent.
CHAPMAN, Justice (dissenting).
The plaintiff-appellee, Susie McCraney Ferguson, sued the Gulf Life Insurance Company in the Circuit Court of Escambia County, Florida, for the proceeds of a certain life insurance policy upon the life of one James P. McCraney, who, it was alleged, died on the 6th day of January, 1949. The policy sued upon issued on November 15, 1948, and was for the sum of $500 and the plaintiff-appellee was the beneficiary named in the policy.
The defendant-appellant filed numerous pleas going largely to the point that James P. McCraney, in his written application for the policy of insurance, made statements and answers wherein he warranted that all statements and answers in the application for the insurance were true, and the appellant relying upon the truthfulness of the statements and answers issued the policy in question.
There was no denial: (1) that the appellant issued the policy sued upon; (2) that the premiums were paid at the proper time; (3) that James P. McCraney died on January 6, 1949; and (4) that the plaintiff-appellee was the beneficiary named in the policy. Since the statement of facts supra was admitted and the policy had been admitted into evidence, the burden of proof, as a matter of law, then shifted to the defendant-appellant to establish the truth of one or more of the defenses set up by a preponderance of the evidence. The case went to the jury on the issues made by the complaint and defendant's defenses 4 and 5. There was a verdict and judgment entered below for the plaintiff-appellee and the defendant appealed.
Defense No. 4 set up that the applicant made false and untrue statements and answers to questions in his application for the policy sued upon, and questions and answers are viz.: (28) "Do you use alcoholic liquors? A. No." "If yes, give kind, frequency and amount." The answer as given was "None". "(29) Have you ever used alcoholic liquors to excess or intoxication?" The answer was "No." The defendant contended that the answers to the questions were false because McCraney had, for a considerable period of time prior to October 22, 1948, indulged in the use of alcoholic liquors to excess and to the degree of intoxication.
*373 Defense No. 5 was to the effect that the answers of McCraney to the following questions propounded to him in the written application for the policy were false: "Q. Have you had a check up or examination by a doctor (other than for employment purposes) and or any illness not already mentioned, within the past two years?" The answer was "No". "Disease or Impairment and remarks". "A. No medical history." It is alleged that the answers were false, as the applicant had had illness not mentioned in the application within the two years. The plaintiff, according to the record, failed to file a written reply to the defendant's defenses 4 and 5.
The record reflects that counsel for appellant by competent evidence established the truthfulness of defenses 4 and 5. The plaintiff, in rebuttal, called to the stand the beneficiary named in the policy and their daughter and each testified that they were present and heard all that was said when the agent for the Gulf Life Insurance Company filled in the application for the policy and had the insured sign the same. The questions in the application set out in defenses 4 and 5, according to these two witnesses, were not asked the insured but the agent of the defendant filled them out and had the insured sign the same. Thus, the jury had the right, under appropriate instructions, to accept as true the version of the transaction as given by the agent of the company or the testimony of the beneficiary and daughter. Other witnesses were called and testified for plaintiff in rebuttal.
On appeal here it is contended that error was committed when the trial court admitted evidence in rebuttal during the course of the trial without the formality of a pleading by the plaintiff addressed to each of the defenses numbered 4 and 5. Authorities are cited to sustain the contention. The order of the trial court denying a motion for a new trial is pertinent to the contentions urged here for reversal. It is viz.:
"During the trial plaintiff introduced testimony seeking to establish that defendant was estopped to set up the defenses of fraud in the procurement of the policy or had waived such defenses of fraud because of the fact that agent of defendant without advice of insured had himself filled in the answers in the blanks in the application or had not truthfully transcribed the answers given him by deceased insured. Defendant seasonably objected to such testimony of waiver or estoppel on the ground that same was wholly immaterial and irrelevant to any issue created by the pleadings and that had plaintiff intended to rely upon any such theory of his case the issues of same should properly have been raised by a reply as provided by Rule 8 of the new Common Law Rules. The Court was and is of the opinion that it was not necessary that such a reply of estoppel or waiver be interposed to enable plaintiff to introduce testimony showing a waiver or estoppel of the fraud set up in the several defenses of defendant's answer. Accordingly the Court overruled defendant's objections to such testimony and thereupon, over the objection of defendant, the Court ordered that said issues would be treated in all respects as if they had been raised by the pleadings and thereupon the trial proceeded to verdict and judgment for plaintiff." Our study of the record leads to the conclusion that no substantial rights of the appellant have been violated in admitting evidence of estoppel in the absence of a formal pleading. Technicalities should not be permitted to prevail over the justice of the controversy.
It is established law in this State that when the agent of an insurance company files an application for insurance, his acts in so doing are the acts of the company. If the applicant fully states the facts to the agent at the time and the agent writes the answer incorrectly or contrary to the facts as given him by the applicant, the company is estopped from making a defense in an action on the policy by reason of the false answers. Stix v. Continental Assurance Co., 147 Fla. 783, 3 So.2d 703; Metropolitan Life Ins. Co. v. Poole, 147 Fla. 686, 3 So.2d 386; Columbia Nat'l. Life Ins. Co. v. Lanigan, 154 Fla. 760, 19 So.2d 67.
I would affirm the judgment appealed from.
MATHEWS, J., concurs.
ROBERTS, J., agrees to conclusion.
*374 MATHEWS, Justice (concurring with CHAPMAN, J.).
I concur in the conclusion that the judgment appealed from should be affirmed.
Defense 4 alleged that the insured stated in his application for insurance that he did not use alcoholic liquors, and that he had not ever used alcoholic liquors to excess or to intoxication, and defense 5 alleged that the insured stated falsely in his application that he had not had a checkup or examination by a doctor, or any illness not otherwise mentioned in the application, within 2 years preceding the date of the application. It was alleged in each of these defenses that the representations were material and were false.
The plaintiff had the right to file an answer with leave of Court to these defenses setting up estoppel.
The plaintiff also had the right to avail herself of Sub-section (e) of Rule 9 of the Florida Common Law Rules, which provides as follows:
"* * * Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."
The plaintiff did not obtain leave of court and file any answer setting up estoppel to either of these pleas. By her silence she elected to avail herself of the rule which made her silence a denial of the facts alleged in defenses 4 and 5. This rule has been termed an "automatic denial" and eliminates the need of a reply and fully protects the rights of the plaintiff to refute or rebut any testimony by the defendant in support of the facts alleged in the affirmative defenses. See Mission Appliance Corp. v. Ajax Thermostatic Controls Co., D.C., 8 F.R.D. 588.
Testimony offered by the plaintiff and received by the Court over the objection of the defendant was not testimony in support of a plea of estoppel, but was testimony in denial of testimony offered by the defendant to support the allegations set forth in its defenses 4 and 5. Certainly the plaintiff had a right to offer testimony to support the "automatic denial" given to her by the rules. The fact that the testimony offered by her would also support a plea of estoppel did not make the testimony inadmissible in support of her denial or rebuttal of testimony offered by the defendant in support of its defenses.