Walter S. **MOONEYHAM**, Plaintiff-Appellant,

v.

**WABASH LIFE INSURANCE COMPANY**, Defendant-Appellee.

No. 27079
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

June 3, 1969.

Joseph M. Glickstein, Jr., Jacksonville, Fla., for appellant.

Glickstein, Crenshaw, Glickstein, Hulsey & Fay, Jacksonville, Fla., of counsel.

Noah H. Jenerette, Jr., Jacksonville, Fla., Boyd, Jenerette & Leemis, Jacksonville, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant was the insured on a disability policy issued by appellee. He

---

sued, claiming total disability. Wabash denied liability on the ground appellant misrepresented his physical condition in making his application for the policy. Summary judgment was granted for appellee.[1]

The application was made on September 27, 1966. The two questions thereon critical to this case were:

Q. Are you, to the best of your knowledge, in good health, free from physical or mental impairment, and free from the effects of any injury? If not, explain.

A. Yes.

Q. State the cause of any disease or disability you have ever had, naming the condition, name of operation performed, if any, dates, length of disability, the name and address of the physician, if any, whom you have consulted professionally.

A. Appendectomy—U. S. Army 1943, Ft. DuPont, Delaware.

■ The following is clear from the record before the trial judge on summary judgment. Appellant had a history of low back pain prior to 1966. On July 11 or 12, 1966 he injured his back while lifting cases or cartons and began suffering back pain and leg pain. From thereafter until September 27, the date of the application, he conferred about his back pain and leg pain with chiropractors, with his physician at an annual physical examination, with a urologist, and on the very day of the application with an orthopedic surgeon. He gave to some of them specific history of the July injury. He had X-rays, chiropractic treatments and medication.

In early November appellant conferred with a neurosurgeon about his back difficulty. On November 14 he made a claim for workmen's compensation benefits, referring to the July accident and stating that he had not been able to work for 2½ months because he was not able to travel.

Appellant seeks to escape the impact of the flagrant misrepresentations on the application on the basis that Wabash's agent assisted him in completing the application form by asking the questions and inserting the answers and to some extent assisted in formulating the answers. He urges that the agent had "full knowledge of the true facts" and that the agent's actions in completing the application, while possessing such knowledge, estops the company, relying on Stix v. Continental Assur. Co., 147 Fla. 783, 3 So.2d 703 (1941), National Standard Life Ins. Co. v. Permenter, 204 So.2d 206 (Fla.1967), American Bankers Life Assur. Co. v. Toth, 165 So.2d 804 (Fla.Dist.Ct.App.), cert. denied, 169 So.2d 389 (Fla.1964), and Continental Life Ins. Co. v. Chamberlain, 132 U.S. 304, 10 S.Ct. 87, 33 L.Ed. 341 (1889). We need not pause long over this contention. Appellant previously had complained to the agent of a back strain, and had told the agent of going to see a chiropractor about it. He told the agent that at his annual physical examination he had the doctor examine his back and that the doctor found nothing wrong with it. Appellant did not tell the agent he thought he had a herniated disc, or that his back pain was radiating into his legs and his legs were buckling, or that the difficulty was growing progressively worse, all of which were matters that doctors state were related to them prior to the application. The only doctor mentioned to the agent was the doctor who gave the annual physical examination. The agent did not know of the consultation with the urologist on September 26, the treatment by a chiropractor on September 26, or the consultation with the orthopedic surgeon which either had occurred on September 27, the same day as the application, or was going to occur later that day. The knowledge of the agent was

1. Pursuant to Rule 18 of the rules of this Court, this case has been placed on the Summary Calendar for disposition without oral argument. See Murphy v. Houma Well Service, 409 F.2d 804 (5 Cir. 1969) [Mar. 11, 1969].

not shown to be anything more than previous casual complaints between acquaintances concerning a back strain and backache and assurance that at the annual physical the doctors had found nothing wrong, and understanding by the agent on September 27 that appellant was in good condition, working and free from physical effects of any injury. This does not even remotely approach the cases concerned with estoppel of the company when the agent, having actual knowledge of the true facts, writes untrue answers. Nor is there any contention that when the application was completed the appellant told the agent one thing and the agent erroneously or falsely wrote another—it is without dispute that questions 13 and 14 were asked and that the answers shown were those given by appellant. See 17 Appleman, Insurance Law and Practice, § 9401.

Affirmed.